COMMONWEALTH vs. PETER ANTONIO
(and three companion cases[1]).

Franklin.   September 20, November 2, 1955. — November 4, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Chiropractic. Medicine. Constitutional Law,* Equal protection of laws,
Chiropractic, Medicine. *Evidence,* Relevancy and materiality. *Words*
"Medicine."

One not registered as a physician nor authorized to practise medicine in
Massachusetts might properly be convicted of practising medicine in
violation of G. L. (Ter. Ed.) c. 112, §§ 6, 8, through administering
treatment by chiropractic methods for pay. [177]
G. L. (Ter. Ed.) c. 112, §§ 2, 6, 8, construed on the basis that practice of
chiropractic constitutes practice of medicine, are not unconstitutional
as denying the equal protection of the laws to a chiropractor not regis-
tered or authorized to practise medicine. [177–178]
At the trial of complaints for violation of G. L. (Ter. Ed.) c. 112, §§ 6, 8,
by practice of chiropractic, it would be irrelevant that no hospital in
Massachusetts permitted a chiropractor to treat a patient, or that
physicians had no cure in the form of a drug or medicine for the com-
mon cold, or that no medical school in Massachusetts taught chiro-
practic, or that chiropractic was recognized and regulated in most of
the other States. [178]

FOUR COMPLAINTS, received and sworn to in the District
Court of Franklin on March 26, 1954.

Upon appeal to the Superior Court, the cases were tried
before *Murray,* J.

*Samuel Silbiger, (John N. Alberti* with him,) for the
defendants.

*Sanford Keedy,* District Attorney, for the Commonwealth.

SPALDING, J.   The defendants were found guilty by a
jury on complaints charging them with violating G. L.
(Ter. Ed.) c. 112, § 6, by practising medicine without being

---

[1] The companion cases are Commonwealth vs. Peter Antonio, Common-
wealth vs. Virginia F. Antonio, and Commonwealth vs. Virginia F. Antonio.

lawfully authorized to do so and without being registered under G. L. (Ter. Ed.) c. 112, § 2, as amended. They were also convicted on complaints charging them with practising medicine without having presented their certificates of registration to the clerk of the town where they had an office as required by G. L. (Ter. Ed.) c. 112, § 8, as amended. The cases come here on exceptions taken by each defendant to the denial of a motion for a directed verdict on each complaint, to the refusal of the judge to give certain requests for instructions, and to the exclusion of certain evidence. Neither defendant has argued separately the issues raised by the requests, as they concede that the questions presented are the same as those presented by their motions for directed verdicts.

There was evidence of the following. The defendants, husband and wife, reside in Greenfield. Both were duly licensed as masseurs in that town and they had an office in their home. Each was a graduate of the Palmer School of Chiropractic of Davenport, Iowa, and each held the degree of doctor of chiropractic conferred by that school. It is not disputed that on several occasions both treated persons for pay in accordance with chiropractic methods. The ailments treated included a strained back, arthritis of the neck and spine, and a mental disorder. In each instance the person treated was subjected to a test by a neurocalometer which is applied to the spine for the purpose of determining the condition of the vertebrae. In some instances X-ray pictures were taken. Thereafter a chiropractic "adjustment" was administered. The purpose of such an adjustment is to bring about a normal alignment of the vertebrae, for, according to the theory of chiropractic, "When no vertebra is pressing on the nerves, there is no longer interference by that vertebra, and the normal . . . flow of the brain impulses is resumed, and this results in correction of the disease process — the cause of disease."

Neither defendant had filed a certificate of registration with the town clerk of Greenfield as was required by G. L. (Ter. Ed.) c. 112, § 8, and it was agreed that neither was

authorized to practise medicine in this Commonwealth or was registered as a qualified physician under § 2.

The basic questions raised by the motions for directed verdicts and the requests for instructions are (1) that §§ 2, 6, and 8 of G. L. (Ter. Ed.) c. 112, "construed as prohibiting the practice of chiropractic, are unconstitutional; [and] if construed as merely regulating the practice of chiropractic . . . [they] are . . . arbitrary . . . [and] discriminatory" and are likewise unconstitutional; and (2) that the phrases "practice medicine" and "practice of medicine" as used in c. 112 should, by reason of changed conditions, be less broadly construed than they were in the case of *Commonwealth* v. *Zimmerman,* 221 Mass. 184.

In *Commonwealth* v. *Zimmerman* the defendant was convicted under R. L. c. 76, § 8, the predecessor of G. L. (Ter. Ed.) c. 112, § 6 for practising medicine without being lawfully authorized. His defence was that he was a chiropractor and that his acts, which were quite similar to those of the defendants here, did not constitute a violation of the statute. In upholding the conviction the court speaking through Rugg, C.J., said, "A physical examination of the vertebrae, a decision whether they are in normal position or not, and strong manual pressure upon them with the end of changing the position with reference to each other of those found to be irregular, and thereby relieving pressure upon nerves, may be found to have such relation to the cure or prevention of disease or the relief of pain as to constitute the practice of medicine" (pages 188–189).

We are asked, in effect, to overrule *Commonwealth* v. *Zimmerman,* but this we decline to do. Under that decision the trial judge here had no other course than to submit the cases to the jury. His instructions, which followed closely the language of this court in that case, were complete and accurate.

Nor is § 6 as construed in the *Zimmerman* case unconstitutional. It was argued there, as here, that because certain classes were exempted, such as pharmacists and those prac-

tising Christian science, mind cure, massage and others, the statute was a denial of the equal protection of the laws. But that contention was held to be without merit. The defendants, nevertheless, invoke the principle set forth in *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 342–343, that a statute valid at one time may become void at another time because of altered circumstances. We are told that there are now thirty-two thousand chiropractors practising in the United States and that chiropractic is now permitted in forty-four States. Hence, it is argued, the science of chiropractic is now firmly established and accepted, which was not the case forty years ago when the *Zimmerman* case was decided. But these are arguments which might more appropriately be addressed to the Legislature than to the courts. It follows that the judge did not err in refusing the defendants' requests for instructions and in denying their motions for directed verdicts.

A few questions of evidence remain. Dr. Conway, a member of the board of registration in medicine, was called as a witness by the defendants and was asked (1) whether a chiropractor is permitted to administer to a patient in the hospitals of Massachusetts, (2) whether there was a cure in the form of a drug or medicine for the common cold, and (3) whether any of the approved medical schools in Massachusetts teach the science or art of chiropractic; and another witness was asked (4) whether he knew in what States chiropractic is recognized and regulated. All of these questions were excluded subject to the exceptions of the defendants who offered to prove that the answers would be (1) that no Massachusetts hospital permits a chiropractor to treat a patient, (2) that physicians have no cure in the form of a drug or medicine for the common cold, (3) that no medical school in Massachusetts teaches the science or art of chiropractic, and (4) that chiropractic is recognized and regulated in forty-four States. There was no error. None of these questions was relevant to the issues before the court.

*Exceptions overruled.*