McHugh, J.
Defendant, City of Somerville, moves for summaiy judgment dismissing plaintiffs claim against it on grounds that the plaintiff did not incur more than $2,000 in “medical” expenses and thus failed to meet the “tort threshold” for maintenance of an action against it under G.L.c. 231, §6D. Undeniably, plaintiffs chiropractic bills amounted to more than $2,000 but, defendant maintains, “chiropractic” services are not “medical” services within the meaning of §6D.
The words of a statute, of course, are to be construed in a common-sense fashion and in accordance with the objectives the statute manifestly was designed to achieve. Nationwide Mutual Insurance Co. v. Commissioner of Insurance, 397 Mass. 416, 420 (1986); Heritage Jeep-Eagle, Inc. v. Chrysler Corporation, 39 Mass.App.Ct. 254, 258 (1995). The term “medical,” at least today, commonly is construed to include “chiropractic.” Indeed, for years, practice of chiroprac *129 tic was deemed to be practice of medicine. See, e.g., Commonwealth v. Antonio, 333 Mass. 175, 177-78 (1955); Commonwealth v. Zimmerman, 221 Mass. 184, 188 (1915).
The statute’s plain purpose is to cut off claims for minor pain, suffering and inconvenience, cf. Victum v. Martin, 367 Mass. 404, 407-08 (1975), not to add some hypertechnical barrier to pursuit by allegedly injured persons of just compensation for injuries tortiously inflicted.
The fact that the practice of chiropractic now is regulated in a manner different from the practice of medicine, see G.L.c. 112, §89 et seq., does not determine the meaning of the term “medical” as used in c. 231, §6D. Podiatrists, G.L.c. 13, §12A, nurses, G.L.c. 13, §13, and nurses, G.L.c. 13, §19, all of whose work commonly is viewed as “medical,” have their own Boards of Registration. Moreover, the Board of Registration of Chiropractors itself recognized the common practice of construing the term “medical” to include “chiropractic” in the context of actions for personal injuries when it promulgated 233 C.M.R. 4.15. That regulation specifically prohibits chiropractors from rendering únnecessary treatments in order to help patients reach the tort threshold c. 231, §6D contains. See also 243 C.M.R. §2.07(18) (applying the same prohibition to physicians).
.ORDER
In light of the foregoing, it is hereby ORDERED that the motion of the City of Somerville for summary judgment should be, and it hereby is, DENIED.