WILLIE VICTUM vs. LEWIS J. MARTIN.

Suffolk.   January 6, 1975. — April 14, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Insurance,* "No-fault" insurance: pain and suffering.  *Damages,* For
   pain and suffering.  *Words,* "Necessary medical expenses."

In a tort action to recover damages for pain and suffering under the
   "no-fault" insurance act (G. L. c. 231, § 6D), the plaintiff was not
   required to prove that his medical expenses were absolutely nec-
   essary but only that they were wise in the light of facts known
   at the time they were incurred.  [409]

In a tort action to recover damages for pain and suffering under
   the "no-fault" insurance act (G. L. c. 231, § 6D), itemized bills
   of medical expenses, totaling in excess of $500 sworn to by
   physicians, pursuant to G. L. c. 233, § 79G, as representing fair
   and reasonable charges for services rendered, together with the
   plaintiff's own testimony that the medical expenses were necessary,
   constituted sufficient evidence to support a finding for the plain-
   tiff that such expenses were "necessary expenses" within the
   meaning of G. L. c. 231, § 6D.  [406-410]

TORT.   Writ in the Municipal Court of the Roxbury
District dated May 22, 1972.

The action was heard by *Taylor,* J.

*Philip T. Corwin* for the plaintiff.

*Robert D. Power* (*Paul R. Devin* with him) for the
defendant.

HENNESSEY, J. In this case we are called on to decide
the narrow issue whether G. L. c. 231, § 6D, a section of
the so called no-fault insurance act, imposes a new and
higher degree of proof with respect to establishing that
medical expenses for an injury arising out of the

operation, maintenance or use of a motor vehicle are "reasonable and necessary expenses incurred in treating such injury."[1] The relevance of this question bears on the plaintiff's ability to recover for pain and suffering since § 6D precludes damages for pain and suffering unless, inter alia, necessary medical expenses "are determined to be in excess of five hundred dollars."

In this action in tort, the plaintiff seeks to recover for personal injuries, including pain and suffering, sustained in a motor vehicle accident which occurred on or about July 17, 1971. The plaintiff alleged that the accident was a result of the negligent operation of a motor vehicle owned and operated by the defendant.

At the conclusion of the evidence presented in the District Court, the defendant submitted requests for rulings of law. The judge denied some of these requests and allowed others, holding, in substance, that the plaintiff did have the burden of proof as to the necessity of medical expenses exceeding $500 but that the plaintiff had adduced sufficient evidence to meet that burden. The judge found for the plaintiff in the amount of $7,780 which included $660 for medical bills incurred. Following judgment, the defendant, claiming to be aggrieved by

---

[1] General Laws c. 231, § 6D, inserted by St. 1970, c. 670, § 5, provides: "In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses are determined to be in excess of five hundred dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing as is described in paragraphs (a), (b), (c), (d), (e), (f) and (g) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture."

the judge's rulings,[2] requested a report to the Appellate Division which the trial judge allowed. The Appellate Division found that there was prejudicial error, vacated the judgment for the plaintiff, and entered judgment for the defendant. We reverse.

The basis of the Appellate Division's decision was that "submission of a portion of the medical bills under G. L. Chapter 233, Sec. 79G by way of affidavit of a physician that the charges were fair and reasonable does not justify the conclusion that such services were *necessary*" (emphasis added). Therefore, according to the reasoning of the Appellate Division, "the trial justice did not have before him evidence of sufficient probative force to justify the conclusion that the medical treatment rendered to the defendant was necessary as required by the statute." Thus the issue before this court is: What evidence is sufficient to meet the "jurisdictional" standard of $500 set out in § 6D?

The defendant argues that the $500 standard of § 6D was intended to have an exclusionary effect in order to further the elimination of "nuisance" claims for pain and suffering (*Pinnick* v. *Cleary*, 360 Mass. 1, 28-29 [1971]); that given this objective, the standard of proof imposed in determining necessity in pre-no-fault cases involving the restitution of medical expenses is inapplicable as that standard is purely compensatory and not exclusionary; and, that the burden of proof for necessary expenses under § 6D requires that it be shown that the services were required in light of sound medical practice, in the

---

[2] The plaintiff argues that these requests for rulings were not precise enough to bring before the Appellate Division the legal issues on which the defendant relied, and on which the Appellate Division ruled. In view of our general conclusions, it is not necessary for us to consider this procedural issue. Furthermore, in the judge's report to the Appellate Division, he clearly framed the legal issues to be reviewed. To that extent the Appellate Division's jurisdiction to review the sufficiency of the evidence could be said to be established by way of a voluntary report by the judge. See G. L. c. 231, § 108.

defendant's words were necessary by having "a certain quality of immediacy, importance and essentiality." Further, the defendant argues that the burden of proving necessity may be satisfied only by introducing competent medical testimony specifically indicating the necessity of the medical services.

Since the plaintiff in this case submitted only his own testimony and two affidavits pursuant to G. L. c. 233, § 79G, to prove the necessity of his medical expenses, the defendant's position would require the conclusion that the plaintiff failed to meet the jurisdictional limit of $500 prescribed by § 6D. For purposes of this decision, we need not attempt to define with black letter precision the term "necessary." We point out that the plaintiff must show that the treatment, which is the basis of the medical expenses, did legitimately arise out of the injury in the sense that the treatment rendered by a competent medical doctor was a bona fide effort to alleviate and ameliorate the injury.

Rather than postulate a hard and fast test for necessary medical expenses under § 6D, which is different in degree from that generally applied in negligence cases for restitution of medical expenses, we refer to our holdings in *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, 101 (1912), where we rejected the test that a physician's services be "in fact" necessary and further stated: "The event may have shown them [the medical services] to be unnecessary, and yet they may have been wise in the light of facts known at the time they were rendered."

We reject the defendant's argument that the Legislature in enacting the no-fault statute intended "the imposition of severe restrictions upon cases in which recovery for pain and suffering would be allowed" thus rendering totally irrelevant traditional judicial standards for assessing necessity. As we made clear in *Pinnick* v. *Cleary, supra,* at 6, 28, the no-fault statute was not intended to abrogate common law principles of damages, generally: "[T]he Legislature has acted with extreme

caution in altering prior legal rights, changing in only one respect the elements of damage which are recoverable by the victim." The purpose of the Legislature was to close off "minor claims for pain and suffering"; it was not the purpose of the Legislature to preclude meritorious claims by imposing rigid standards and a heavy burden of proof unknown to traditional negligence suits for compensation for medical expenses.

Having determined that the Legislature did not intend to impose a standard of absolute necessity or indispensable medical need, and that prior judicial decisions on the issue of the necessity of medical expenses are relevant, we next turn to the type of evidence a plaintiff must adduce in order to satisfy his burden of proof by a preponderance of the evidence.

Under G. L. c. 233, § 79G, in an action for personal injuries or consequential damages arising therefrom, the individual injured may submit an itemized bill sworn to by a physician, dentist or agent of the hospital which "shall be admissible as evidence of the fair and reasonable charge for such services." In this case the plaintiff followed that procedure. The defendant argues, however that a bill submitted under § 79G is not an attestation as to whether the medical expenses were necessary.

We note that St. 1974, c. 442, amends § 79G, by providing that affidavits filed pursuant to that section shall be admissible "as evidence of the *necessary,* fair and reasonable charge for such [medical] services" (emphasis added).[3] That amendment is not retroactive and does not apply to this case. *Smith* v. *Freedman,* 268 Mass. 38, 41 (1929). *Sears* v. *Boston Elev. Ry.* 313 Mass. 326, 328 (1943).

On the issue of the necessity of medical expenses, the defendant submits that only competent medical testimony

---

[3] 1974 House Bill No. 5689, the basis of St. 1974, c. 442, was entitled "An Act to facilitate processing of no fault insurance claims." The act was approved on June 28, 1974.

specifically indicating the necessity of the treatment is sufficient to satisfy the burden of proof. Indeed the defendant suggests that even were § 79G, as amended, held applicable to this case, that the section so amended merely establishes that the medical *expenses* were "necessary, fair and reasonable charge[s]," and does not prove in any way that the medical *services* were themselves necessary. Thus, according to the defendant's argument, independent medical testimony as to the necessity of medical services and the consequent expenses therefor would be required even in cases coming to trial subsequent to the amendment of § 79G. We would be reluctant to adopt so harsh a rule.

Since the statutory amendment is not before us in this case, we express no opinion on the defendant's assertions. However, we note that interlineation of the word "necessary" would be in large part rendered meaningless if it were meant only to show that charges, as distinguished from services, are necessary. We are not prepared to say that independent medical testimony as to the necessity of medical services was required as evidence in all cases under the no-fault statute brought before the amendment of § 79G; indeed, the amendment of § 79G appears to evince a legislative intent to circumvent the imposition of such a requirement as a general rule in future no-fault cases.

In this case the judge, as trier of fact, may properly have inferred from the plaintiff's testimony that the medical services rendered were necessary, were "wise in the light of facts known at the time they were rendered." *Hunt* v. *Boston Terminal Co.* 212 Mass. 99, 101 (1912). In this regard the itemized bills may have confirmed the judge's finding that the expenses were required and necessarily incurred in the treatment of an injury arising out of a motor vehicle accident. G. L. c. 231, § 6D. That finding is not unsupported by evidence simply because no expert testimony was presented.

Clearly implied in the decision of the Appellate Division is the opinion that the asserted medical expenses here were not credible either in nature or amount. From all that we have said, it is apparent that these questions, relating as they do to the weight of the evidence, were for the trial judge's decision. Nevertheless, the decision of the Appellate Division lends emphasis to the unquestioned duty of the fact finder in automobile tort cases where damages are sought for personal injuries. A litigant may not bootstrap a claim for pain and suffering by running up unjustified medical expenses in excess of $500. Otherwise the purpose and ends of the no-fault statute would be subverted. *Pinnick* v. *Cleary, supra.* Thus, where there are indications that the medical services were patently inefficient, excessively repetitious, not conducive to producing desired medical results, or disproportionately expensive, and where the injury is neither objectively visible nor well defined, the necessity for the medical services may be subject to more searching inquiry. Additional evidence may be required, including in some instances competent medical testimony. The present case, we do not say by much, is not within that category. We add that in almost all cases, as in this one, these issues are for the fact finder and present no questions of law for appellate review.

The order of the Appellate Division is reversed; the judgment for the defendant is vacated, and judgment is to be entered for the plaintiff.

*So ordered.*