JOSEPHINE PIETROFORTE *vs.* YELLOW CAB OF SOMERVILLE, INC. January 31, 1985. *Evidence,* Telephone call, Identity, Medical expenses. *Insurance,* "No-fault" insurance. *Practice, Civil,* Instructions to jury.

This is an appeal by the defendant from an award by a Superior Court jury of $8,000 to the plaintiff for personal injuries which the jury found were caused by the defendant's negligence. The accident occurred as the plaintiff started to leave a taxicab, having one foot in the vehicle and one foot out its door. She testified that, at that point, the taxi "took off" throwing her out. She "hit something" and landed flat on her back on the street. The defendant contends that the trial judge erred in denying its motions for directed verdict and for judgment notwithstanding the verdict, and in his instructions to the jury. We affirm the judgment.

1. The defendant first argues that there was insufficient evidence to show that it was responsible for the accident. It urges that evidence of a telephone call made to it requesting the taxi, which the jury found was ultimately involved in the accident, should have been excluded and that, even if not excluded, the evidence identifying the defendant as the tortfeasor did not rise above conjecture.

When a person calls an authenticated telephone number of a business, and the party answering takes the call on behalf of the business, evidence of the call is ordinarily admissible without the need to identify specifically the recipient of the call. See *Irving Tanning Co.* v. *Benjamin Shir,* 295 Mass. 380, 383-384 (1936); 7 Wigmore, Evidence § 2155 (Chadbourn rev. 1978). The accuracy of the telephone directory listing combines with the usual reliability of the telephone transmission system to support an inference that the entity whose representative answered was the entity called. The case for admission of a telephone call is strengthened, in close cases, when additional evidence corroborates the identification of the business or the person answering. See *Massachusetts Northeastern St. Ry.* v. *Plum Island Beach Co.,* 255 Mass. 104, 114-115 (1926); *Bond Pharmacy, Inc.* v. *Cambridge,* 338 Mass. 488, 490-491 (1959). See also Liacos, Massachusetts Evidence 383 (5th ed. 1981).

In this case, the telephone number of the defendant was properly authenticated and the answering party properly identified as working on behalf of the defendant. Anna L. Casso, a friend of the plaintiff, testified that she called the "Somerville Yellow Cab Company" by dialing 625-5000 to obtain

a taxi for the plaintiff, who had been playing cards at Casso's home. Casso further testified that she knew the number by heart because she had called it for a taxi at least fifteen or twenty times a month for the previous twenty-five years. Robert Cochran, the defendant's president, testified that the number of his business was 625-5000. Based on Cochran's testimony, the jury could have also found that someone calling the listing of "Yellow Cab" in the telephone book under 625-5000 would reach the defendant. In addition, the party answering Casso's telephone call identified the taxi company as "Somerville Cab." Casso stated that she had received the same response whenever she had called the defendant's number in the past. There was also evidence corroborating the fact that Casso had reached the defendant when she made her call. The plaintiff and Casso both testified that a few minutes after the call a yellow colored cab arrived, and Casso added that she observed the taxi to be a "Somerville Yellow Cab."

Given this testimony, the identification of the defendant as the tortfeasor was not left to conjecture. The jury could properly have found that Casso had reached the defendant by telephone and that in response to her request for a taxi the dispatcher had sent one of the defendant's taxis to Casso's home to pick up the plaintiff. The jury were not required to accept Cochran's testimony that two other taxicab fleets also operated out of the 625-5000 number, or to infer from that testimony that a taxi owned by one of those companies had been involved in the accident. That testimony did no more than create an issue for the jury. Moreover, Cochran's testimony could have been found especially suspect by the jury since he also admitted that the other taxi companies had their own separate numbers and that a person would get "no other name" than Yellow Cab if the person dialed 625-5000. *Lodge* v. *Congress Taxi Assn.*, 340 Mass. 570 (1960), the case primarily relied upon by the defendant, leads to no different conclusion. There the identification of the taxicab company was established by means of registration and license numbers under G. L. c. 231, § 85A, the statute which makes the registered owner of a vehicle prima facie liable for the negligence of its operator. The *Lodge* case, however, is not to be read as requiring a ruling that proof as to the identification of the taxicab company is insufficient in the absence of a showing that c. 231, § 85A, is applicable or as precluding proof of identification in the manner done here.

2. The defendant also argues that there was insufficient evidence to show that the plaintiff incurred necessary medical expenses in excess of $500, causing her claim to be barred under G. L. c. 231, § 6D (the no-fault law).

General Laws c. 231, § 6D, inserted by St. 1970, c. 670, § 5, requires that "[i]n any action of tort brought as a result of bodily injury . . . arising out of the ownership, operation maintenance or use of a motor vehicle . . ., a plaintiff may recover damages for pain and suffering . . . only if the reasonable and necessary expenses incurred in treating such injury . . . are determined to be in excess of five hundred dollars . . . ." The Supreme Judi-

cial Court has interpreted the term "necessary" in § 6D to require a showing that the treatment underlying a plaintiff's medical expenses legitimately arose out of the injury claimed by the plaintiff. The requirement is satisfied if it is shown that the treatment was rendered by a competent physician and represented a bona fide effort to alleviate and ameliorate the injury. *Victum* v. *Martin,* 367 Mass. 404, 407 (1975). The fact that the treatment was not required does not make it unnecessary if at the time it was rendered it seemed "wise". *Ibid.*

In this case, the jury were warranted in finding that the plaintiff suffered back pain as a result of the accident; that she received necessary immediate treatment at a hospital; that she continued treatment with her physician; that she experienced very slight improvement as a result of the treatment; that three years after the accident she legitimately sought further diagnosis and treatment from a neurologist because of her lack of improvement; and that she was provided with additional necessary care by the neurologist who diagnosed her condition as a ruptured lumbar disc caused by the accident. There was nothing to show that any of the plaintiff's medical treatments did not arise legitimately out of her injury, that they were not bona fide efforts on the part of her physicians to alleviate or ameliorate her injury, or that they were not "wise" at the time rendered. Nor was it shown that the plaintiff's medical care was "patently inefficient, excessively repetitious, not conducive to producing desired medical results, or disproportionately expensive." *Victum* v. *Martin, supra* at 410. (Indeed, contrary to the defendant's contention, no expert medical testimony as to the necessity of the medical expenses need be presented. *Id.* at 409. A trier of fact can infer such necessity from the testimony of lay witnesses and the itemization of expenses on bills, *ibid.,* and an appellate court is almost never in a position to reverse the trier's decision. *Id.* at 410.) The testimony of both the plaintiff and her neurologist appear to have been found entirely credible by the jury. That testimony warranted a finding that the plaintiff's medical expenses satisfied the requirements of the no-fault law.

The neurologist's testimony that symptoms of a ruptured disc may show up some time after an accident was properly admitted. That testimony was based on the physician's personal observations of the plaintiff as well as on facts contained in her medical records which had been properly admitted in evidence. See *LaClair* v. *Silberline Mfg. Co.,* 379 Mass. 21, 32 (1979); Liacos, Massachusetts Evidence, *supra* at 114.

3. The defendant finally argues that the trial judge improperly instructed the jury by not advising them that a failure to find reasonable and necessary medical expenses in excess of $500 would require a verdict for the defendant and by his instructions regarding damages for diminished earning capacity.

The judge properly charged the jury with respect to the first point. He stated that the jury, with the $500 threshold in mind, had "to determine that the medical services and bills provided were indeed reasonably incurred and necessarily incurred . . . before . . . she [the plaintiff] can . . . bring a case before this . . . court."

The judge also corrected any error he may have made in his main charge with respect to the issue of the damages for diminished earning capacity. After an objection by counsel for the defendant to the main charge, the judge further instructed the jury that "[n]ow, it may be that you will find, if you get to the question of damages, that maybe there was no evidence at all in one or more of those particular areas. I am not suggesting that because I enumerated the three areas that you have to find damages in three areas." Diminished earning capacity was one of the three areas covered in the main charge. We think the supplemental instruction was sufficient to apprise the jury that the plaintiff may not have been entitled to any damages for loss of earning capacity because her proof on the issue was insufficient. Counsel for the defendant must have thought so at the time because he made no specific objection to the supplemental instruction. See *Falanga* v. *Consolidated Foods Corp.*, 356 Mass. 722 (1969).

*Judgment affirmed.*

*Raymond E. Gillespie* for the defendant.
*William D. Joyce* for the plaintiff.