MARY E. PHELPS vs. JEANINE L. MACINTYRE.

Norfolk. March 6, 1986. — April 29, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Insurance,* Motor vehicle insurance, No-fault insurance. *Practice, Civil,* Summary judgment, Judicial discretion. *Evidence,* Hearsay, Medical bill, Judicial discretion, Relevancy and materiality.

Although the plaintiff's answers to interrogatories in a motor vehicle personal injury tort action did not establish that her medical expenses had exceeded the $500 required to recover damages for pain and suffering under G. L. c. 231, § 6D, the judge did not err in denying the defendant's motion for summary judgment, where the facts before the motion judge did not clearly preclude the possibility that the plaintiff might incur additional medical expenses before trial raising the total above $500, and where the defendant had failed to move for partial summary judgment specifically on the medical expenses threshold issue. [461]

At the trial of a motor vehicle tort action to recover damages for pain and suffering under the no-fault insurance law, it was within the judge's discretion to admit an itemized bill from a private ambulance company as tending to prove the necessary, fair, and reasonable charge for transporting the plaintiff to a hospital, where the defendant's objection to the evidence was not based on prejudice or unfair surprise, but was limited solely to the failure of a bill from a private ambulance service to fall within the express provisions of G. L. c. 233, § 79G. [462-463]

At the trial of a tort action to recover damages for pain and suffering under G. L. c. 231, § 6D, admission in evidence of a physician's bill of $150 for an office visit by the plaintiff, despite the physician's testimony that an unspecified part of the bill was attributable not to medical services but to preparation of a report for the plaintiff's attorney, did not in this case amount to reversible error, where the questions whether the plaintiff's medical expenses were necessary, fair, and reasonable and in total exceeded the requisite $500 threshold were for the jury to consider and the evidence warranted their finding that the threshold was crossed. [463-465]

CIVIL ACTION commenced in the Superior Court Department on September 23, 1982.

A motion for summary judgment was heard by *Elizabeth J. Dolan,* J., and the case was tried before *John Paul Sullivan,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*W. Paul Needham* (*Ethan Warren* with him) for the defendant.

*Herbert D. Lewis* (*Elizabeth Lewis* with him) for the plaintiff.

WILKINS, J. This case, which arose out of an ordinary intersection accident in Foxborough between two Massachusetts motor vehicles, presents issues concerned solely with the limitation on plaintiffs' rights to recover damages for pain and suffering expressed in G. L. c. 231, § 6D (1984 ed.).[1] The plaintiff sought to rely on the "permanent and serious disfigurement" exception to the limitation on recovery for pain and suffering, but the jury found that the plaintiff's scars above the hairline were not a "permanent and serious disfigurement." The jury found additionally, however, that the plaintiff incurred "reasonable and necessary medical expenses in excess of $500.00" and awarded her damages of $20,000. The defendant appealed, and we transferred the case to this court on our own motion.

If the plaintiff had not satisfied an exception to the limitation of § 6D, she would not have been entitled on the facts presented to any recovery in this action. G. L. c. 90, § 34M (1984 ed.).[2]

---

[1] Section 6D provides in relevant part that in any motor vehicle personal injury tort action a plaintiff may recover damages for pain and suffering "only if the reasonable and necessary expenses incurred in treating such injury . . . for necessary medical, surgical, x-ray and dental services, including . . . necessary ambulance . . . expenses are determined to be in excess of five hundred dollars unless such injury . . . (3) consists in whole or in part of permanent and serious disfigurement."

[2] The second paragraph of G. L. c. 90, § 34M, provides, in part, that "[e]very . . . operator . . . of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort . . . is hereby made exempt from tort liability for damages because of bodily injury . . . arising out of the . . . operation . . . of such motor vehicle to the extent that the injured party is" entitled to personal injury protection benefits.

The defendant contends that, at the time of the denial of her motions for summary judgment, for a directed verdict, and for judgment notwithstanding the verdict, the evidence showed that the plaintiff had not crossed the statutory threshold so as to be entitled to recover for pain and suffering. We affirm the judgment for the plaintiff.

1. The defendant argues that the judge erred in denying her motion for summary judgment, without prejudice, in so far as that motion related to the medical expenses threshold stated in § 6D. She claims that, at the time the judge considered the motion, the plaintiff's answers to interrogatories established that her medical expenses would not exceed $500, and thus the defendant was entitled to partial summary judgment on the medical expenses threshold issue. The defendant did not raise the possibility of partial summary judgment, even as an alternative; nor did the defendant press for partial summary judgment after the motion was denied without prejudice. The facts before the motion judge did not clearly preclude the possibility that the plaintiff might incur additional medical expenses before trial raising the total medical expenses then incurred ($324) above $500. Moreover, even if on the established facts entry of summary judgment would have been warranted, a motion judge nevertheless has discretion to deny summary judgment, because a particular issue or an entire action should not be foreclosed at that early stage. See 10A C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2728 (1983); 6 Moore's Federal Practice par. 56.15[6] (2d ed. 1985). Even if a party may challenge the denial of a motion for summary judgment in a posttrial appeal,[3] there was no error in the denial of the defendant's motion here, at least because the issue of additional medical expenses was not conclusively resolved at that time.

---

[3] We do not decide whether after trial a losing party properly may challenge the denial of his motion for summary judgment. We have suggested that such an argument might be foreclosed. *Schroeder* v. *Lawrence,* 372 Mass. 1, 4 (1977). The majority rule in this country seems to be that after trial a party may not challenge the denial of his motion for summary judgment. Annot., Reviewability of Order Denying Motion for Summary Judgment, 15 A.L.R.3d 899, 922 (1967 & Supp. 1985).

2. Pursuant to G. L. c. 233, § 79G (1984 ed.),[4] the plaintiff offered a number of itemized bills, including one for $109 from the Mansfield Ambulance Service for transporting the plaintiff on November 2, 1981, from the accident scene in Foxborough to the Norwood Hospital. The defendant challenges the admission in evidence, over objection, of the affidavit concerning the charge for ambulance services. The various itemized bills were in substantially the same form and complied with the procedural requirements of § 79G. The defendant argued then and argues here that an itemized bill from an ambulance service does not fall within the scope of the statute.

We agree that a bill from a private ambulance company, even though it is licensed and subject to regulation by the Department of Public Health (G. L. c. 111C [1984 ed.]), does not fit within the statutory exception to the hearsay rule. If these services had been rendered by a hospital's ambulance service rather than by a private entity, the bill would have been admissible under § 79G.

The admissibility of evidence at trials is fundamentally for the courts to decide. The Legislature's adoption of § 79G does not restrict a court's authority to adopt appropriate common law rules of evidence. If in aid of the courts' functions the Legislature has expressed a policy favoring the admission of

---

[4] In 1985, § 79G was amended in a respect not significant to the issues in this 1984 trial. St. 1985, c. 323. In 1984, § 79G provided in part as follows: "In an action of tort or contract, or for consequential damages arising therefrom, an itemized bill for medical, dental or hospital services rendered to a person injured, subscribed and sworn to under the penalties of perjury, by the physician, dentist, optometrist, chiropractor, physical therapist or podiatrist, or authorized agent of the hospital rendering such services, shall be admissible as evidence of the necessary, fair and reasonable charge for such services; provided, that said bill shall include only the date and place of each service rendered because of said injury and the charge therefor without reference to the injury itself or the history thereof; and provided, further that written notice of the intention to offer such a bill as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to his or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten days before the trial, and that an affidavit of such notice and the return receipt is filed with the clerk of the court forthwith after said receipt has been returned."

evidence in particular circumstances, courts, as a matter of common law principle, could reasonably admit evidence offered in substantially comparable circumstances not explicitly covered by the statute.

It was within the trial judge's discretion to admit the itemized bill in evidence, as tending to prove the necessary, fair, and reasonable charge for the service, over an objection not expressed in terms of prejudice or surprise but limited solely to the failure of a private ambulance service to fall within the scope of § 79G. The defendant had several months' notice, purportedly pursuant to § 79G, of the plaintiff's intention to submit an itemized bill from the licensed ambulance service. Thus the defendant had sufficient time to investigate the reasonableness of the service and of the charge. If we were to hold that admission of the ambulance service bill was reversible error, as far as we can discern on the record, the retrial of the $500 threshold issue would result, solely and simply, in some representative of the ambulance service testifying, without challenge, to precisely what appears on the bill that was admitted in evidence. The law should not encourage such an unnecessary expenditure of time and money. Although he was not obliged to admit the ambulance bill in evidence, the judge's discretionary decision to do so was not error.

3. One of the itemized bills admitted without objection under G. L. c. 233, § 79G, was from a physician who charged the plaintiff $150 for an office visit on October 25, 1983, almost two years after the accident. The defendant grants that the bill was admitted for all purposes, but argues that, as the physician's testimony shows, an unspecified part of his bill was attributable not to medical services but to the preparation of a report for the plaintiff's attorney. The defendant maintains further that the physician's services were not necessary to the plaintiff's treatment. See G. L. c. 231, § 6D. From this, the defendant argues that the physician's bill could not be used to reach the statutory threshold and that, because that expense was indispensable to satisfy the tort threshold in this case, the judge should have directed a verdict in her favor and should have granted her motion for judgment notwithstanding the verdict.

Whether the plaintiff's medical expenses were necessary, fair, and reasonable and in total exceeded the $500 threshold were questions for the jury. See *Vieira* v. *Schupp,* 383 Mass. 739, 743 (1981); *Victum* v. *Martin,* 367 Mass. 404, 410 (1975). The evidence warranted the jury's finding that the threshold was crossed. On request, the defendant would have been entitled to an instruction that the plaintiff had to prove that the physician's services were necessary and that only that portion of the physician's charge which represented necessary services could be considered on the tort threshold issue. *Id.* The defendant was not, however, entitled to a directed verdict or judgment notwithstanding the verdict.[5]

It is troublesome that the physician was unable or unwilling on cross-examination to separate his bill of $150 into a charge for medical services and a charge for a report to the plaintiff's attorney, especially considering that the total of all medical bills was only $504.50. If the defendant had moved to strike his bill (and related testimony) as not properly supported, the judge might well have been obliged to allow the motion. See *Victum* v. *Martin, supra.* Our concern is substantially allayed by the fact that the defendant requested an instruction that the jury could consider the plaintiff's future medical expenses on the medical expenses threshold issue. The judge so charged the jury, without objection. There was somewhat general testimony that the plaintiff would develop additional problems in a knee and that surgery might be required. The charge concern-

---

[5] At the time the motion for a directed verdict was considered, the question remained whether the plaintiff had suffered permanent and serious disfigurement. Thus, that motion could not have been allowed in any event.

ing future medical expenses made the tort threshold question unavoidably one for the jury.[6]

*Judgment affirmed.*

---

[6] General Laws c. 231, § 6D, refers, as a condition to a plaintiff's right to recover, to medical and similar "expenses *incurred*" (emphasis added). We have not decided that medical and similar expenses not incurred at the time of trial but whose incurrence is reasonably to be expected may count toward the $500 threshold. See 2 No-Fault & Uninsured Motorists Automobile Insurance § 19.20 (Matthew Bender 1984). Cf. *Vieira* v. *Schupp*, 383 Mass. 739, 743 (1981) (considering a question not directed to whether anticipated posttrial medical expenses could qualify toward the $500 threshold, we said that the no-fault statute "places no time constraint on when the expenses must be incurred").