MARIA RUGGIERO *vs.* ALBINA COSTA. No. 89-P-279. March 28, 1990.
*Practice, Civil*, Summary judgment. *Superior Court*.

In this action to recover for injuries from a dog-bite, the defendant's
answer included a defense that the plaintiff's claim was barred by reason
of the exclusive remedy provisions of the Workers' Compensation Act.
G. L. c. 152, §§ 23, 24. After some discovery, the defendant filed a mo-
tion for summary judgment accompanied by affidavits setting forth that
the defendant was the plaintiff's employer and that the plaintiff had re-
ceived benefits under the act. In her motion, the defendant also argued
that the "dual capacity" theory, see *Longever* v. *Revere Copper & Brass
Inc.*, 381 Mass. 221, 223 (1980); 2A Larson, Workmens' Compensation §
72.80 (1989), even if accepted in Massachusetts, does not apply to the
facts of this case.

A judge of the Superior Court, without a hearing, denied the motion
noting: "Defendant has the burden of proving she is the plaintiff's em-
ployer. Credibility of witnesses is for the jury which may disbelieve the
defendant."

On the petition of the defendant, an interlocutory appeal was authorized
by a single justice of this court. We agree with the single justice that the
reason given for the denial of the motion by the Superior Court judge is
untenable. There was no suggestion of unreliability or other weakness in
the unopposed affidavits. In such circumstances, the judge should "not
have considered the credibility of the parties. For purposes of deciding the
motion, he was required to take the [defendant's] anticipated testimony
and other evidence as true." *Sheehy* v. *Lipton Indus., Inc.*, 24 Mass. App.
Ct. 188, 194 (1987). Because we think there should be a rehearing on the
motion with the plaintiff being permitted to file counter affidavits, the mat-
ter is remanded to the Superior Court for reconsideration of the defend-
ant's motion.

The defendant argues that we should not allow the plaintiff to file such
affidavits because, on October 3, 1988, a new rule, Superior Court Rule
9A, took effect. That rule, as in effect prior to a 1989 amendment, re-
quired a party opposing a motion to file and serve an opposition within ten
days after service of the motion. [1] The defendant's motion was filed on

---

[1]The 1989 amendment to rule 9A, effective October 2, 1989, increased
the time for filing an opposition to a motion for summary judgment to
twenty-one days. The 1989 amendment also deleted the last sentence of
the fourth paragraph of rule 9 — "The adverse party may file a reply brief
but such brief, if filed, shall be filed one day prior to hearing on the mo-
tion." The elimination of the sentence was designed, according to a written
comment of the Rules Committee of the Superior Court, dated April 29,
1989, "to remove a conflict between that Rule and Rule 9A."

November 10, 1988, and on November 30, 1988, without the submission of counter affidavits by the plaintiff, the judge denied the motion. The plaintiff claims that, when the motion was denied, she was in the process of filing opposing affidavits specifically showing that the defendant's husband, rather than the defendant, was her employer. She claims reliance on Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974), which states in relevant part: "The adverse party *prior to the day of hearing* may serve opposing affidavits" (emphasis supplied). See also the last sentence of the fourth paragraph of Rule 9 of the Superior Court prior to the 1989 amendment, quoted in note 1, *supra*.

Trial court rules "more demanding than the requirements of Rule 56 . . . are not necessarily inconsistent with the general provisions" in the rule. See 10A Wright & Miller, Federal Practice and Procedure § 2719, at 13 (1983). While we do not excuse the plaintiff's failure to comply with the requirements of rule 9A, we think there is here a combination of circumstances which calls for a decision on the merits of the motion for summary judgment rather than one based on a procedural flaw. These circumstances are: the matter is, in any event, being remanded to the Superior Court for reconsideration; Superior Court Rule 9A had been in effect for only a short time at the time the defendant filed her motion and appeared to be in conflict with Superior Court Rule 9, see note 1, *supra*; rule 9A has now been amended to allow an opposing party to file an opposition within twenty-one days; both that rule and Mass.R.Civ.P. 56(c), quoted in part above, suggest that a hearing will be held on a motion for summary judgment; [2] the motion was in this case denied without a hearing, and the plaintiff had no occasion or need to seek an extension of time for filing her affidavits; the defendant has not shown any prejudice; and the plaintiff asserts that she disputes the material submitted by the defendant.

In remanding, we in no way suggest the result. If, on examination of the plaintiff's counter affidavits, the judge determines that entry of summary judgment is appropriate, he or she should act accordingly. If, on the other hand, the judge should determine, that an issue, such as "dual capacity," can best be considered in the context of a fuller inquiry into the facts, he or she may, in discretion, deny the motion. See *Phelps* v. *MacIntyre*, 397 Mass. 459, 461 (1986); 10A Wright & Miller, § 2728 (1983).

The order denying the defendant's motion for summary judgment is vacated, and the matter is remanded to the Superior Court for further proceedings consistent with this opinion.

---

[2]Rule 9A(d) provides: "Exceptions. Except in extraordinary circumstances and then only for reasons stated in writing, the court will not decide the following motions without giving the parties an opportunity to be heard orally at a time set in accordance with § (b)(1) hereof [court to set hearing]: . . . Summary Judgment (Rule 56), . . . ."

*So ordered.*

*Scott L. Machanic* for the defendant.
*William J. Branca* for the plaintiff.