Minehan, J.
This appeal raises the issue of whether the Trial Court erred in considering the appropriateness of plaintiff’s medical treatment and whether the plaintiff derived a medical benefit from the treatment, in order to submit medical bills to satisfy the $2000 threshold required by M.G.L.C. 231, §6D. We find no error.
This case involves a personal injury claim by plaintiff for damages for injuries sustained as a result of a motor vehicle accident. At trial, the Court found that defendant D’Angelo negligently operated his motor vehicle resulting in a collision with the plaintiff’s vehicle. There was testimony at trial that plaintiff complained to have sustained personal injury and that she submitted medical bills of $2800. However, the Court found that of those bills submitted, $2480 were for physical therapy treatments that plaintiff received without any orthopedic consultation and without any medical benefit deriving from the treatment. The Court was unable to conclude that the plaintiff satisfied the $2000 threshold as set forth in M.G.L. c. 231, §6D. The Court concluded that the plaintiff failed to demonstrate that defendant’s negligence resulted in a compensable injury and entered a judgment for defendant D’Angelo.
The judgment of the Court is based upon findings of fact and cannot be overturned in the absence of an appellate finding that they are clearly erroneous. J. A. Sullivan Corporation v. Commonwealth, 397 Mass. 789, 792 (1986). The issue of *49 whether any medical benefit was obtained by plaintiff in her physical therapy is one which the judge may properly consider in determining whether plaintiff’s medical treatment was necessary and reasonable. The determination of that issue is one for the trier of fact and “presents no question of law for appellate review.” Victim v. Martin, 367 Mass. 404, 410 (1975).
We find no error. The judgment of the Trial Court is upheld and the appeal is dismissed.