Wright J-
This is a Dist/Mun. Cts. R A. D. A., Rule 8C, appeal of the entry of summary judgment for the defendant on the basis of the plaintiffs failure to satisfy the $2,000.00 tort threshold of G.L.c. 231, §6D. The sole issue presented for review is whether the cost of a G.L.c. 90, §34M independent medical examination (“IME”) of the plaintiff, ordered by an insurer to evaluate the plaintiffs Personal Injury Protection (TIP”) benefits claim, can be added to the total of the plaintiffs medical expenses for the purpose of arriving at the $2,000.00 statutory minimum.
The record indicates that on February 13,1997, the plaintiff sustained injuries while riding as a passenger in a vehicle owned by Omar Fuentez-Perez (Terez”), which collided with a vehicle driven by the defendant From February 18, 1997 through August 29,1997, the plaintiff was treated by several medical providers for soft tissue injuries which included a right shoulder sprain and lumbosacral spine strain. Bills for this medical treatment totaled $1,904.00.
The plaintiff filed a PIP claim with Perez’s automobile insurer. The insurer scheduled an IME of the plaintiff for September 9, 1997 and selected Dr. William Donahue to perform the exam. The plaintiff complained at the examination of continuing low back and right shoulder pain. While Dr. Donahue confirmed the plaintiffs shoulder and spine strain, he concluded that the plaintiff had reached a medical end result The plaintiff contends that based on Dr. Donahue’s opinion that further treatment was unnecessary, he canceled an appointment with one of his own doctors which had been scheduled for a subsequent date. The plaintiffs medical expenses in the amount of $1,904.00 were thereafter paid in full by Perez’s insurer.
*145 The plaintiff commenced this action on December 27,1999 to recover damages for pain and suffering only.[1] The defendant moved for summary judgment on the grounds that the plaintiffs medical expenses did not meet the $2,000.00 threshold required by G.L.c. 231, §6D, and that he was thus precluded from any recovery for pain and suffering. In opposition to the defendant's Mass. R Civ. E, Rule 56, motion, the plaintiff argued that he relied on Dr. Donahue’s opinion that he had received a medical end result in deciding to cancel his scheduled appointment with his own doctor, that the IME conducted by Dr. Donahue thus constituted medical treatment, and that the cost of such IME should be added to his medical expenses to bring the total above the $2,000.00 statutory threshold. The court allowed the defendants summary judgment motion, and the plaintiff appealed. The parties have agreed for purposes of this appeal that the cost of the IME was sufficient to push the plaintiffs medical expenses above $2,000.00.
Section 6D of G.L.c. 231 provides, in pertinent part
In any action of tort brought as a result of bodily injury... arising out of the... use of a motor vehicle..., a plaintiff may recover damages for pain and suffering,... only if the reasonable and necessary medical... expenses incurred in treating such injury ... are determined to be in excess of two thousand dollars... [emphasis supplied].
See generally, Cousineau v. Laramee, 388 Mass. 859, 861 (1983); Perrault v. Espinal, 2000 Mass. App. Div. 42, 44. “Necessary medical expenses” have been generally defined as expenses incurred for medical “treatment” amounting to a “bona fide effort to alleviate and ameliorate the injury” in question. Victum v. Martin, 367 Mass. 404, 407 (1975). See also Pietroforte v. Yellow Cab of Somerville, Inc., 19 Mass. App. Ct. 961, 962-963 (1985).
Conversely, an IME is neither requested, nor conducted, as a form of medical treatment Section 34M of G.L.c. 90 provides that an injured PIP claimant shall
submit to physical examinations by physicians selected by the insurer as often as may be reasonably required and shall do all things necessary to enable the insurer to obtain medical reports and other needed information to assist in determining the [PIP] amounts due [emphasis supplied].
The statute “permits the insurer, where it has reason to doubt its liability, to require a medical examination by its own physician to assist in determining the 'amounts due.’” Brito v. Liberty Mut. Ins. Co., 44 Mass. App. Ct. 34, 37 (1997). Thus an IME is designed to facilitate the assessment of the validity of an insurance claim for medical expenses through an evaluation of the necessity of medical treatment already provided to the claimant as well as the need for continued treatment As an IME is not itself a form of medical treatment undertaken to remedy or alleviate injury, the cost of an IME may not be included as a “necessary medical expense” in determining whether a plaintiffs total medical expenses meet the G.L.c. 231, §6D tort threshold.
Summary judgment for the defendant is affirmed. Appeal dismissed.
So ordered.

 The complaint is not included in the record before us, but it is apparent that the plaintiffs claim for damages was limited to pain and suffering. In answers to interrogatories, the plaintiff stated that he was not seeking any damages for lost wages. Further, as noted, the defendant’s insurer had made full PIP payment of all of the plaintiffs medical expenses.