Esmeralda O. Lima *vs.* Jack C. Marshall & another.[1]

No. 06-P-826.

Worcester. February 13, 2007. - October 5, 2007.

Present: Rapoza, C.J., Cypher, & Cowin, JJ.

*Insurance,* Motor vehicle insurance, No-fault insurance. *Evidence,* Medical expenses.

In a tort action against the driver and the owner of a motor vehicle for pain and suffering the plaintiff incurred when the defendants' vehicle struck hers, causing her a whiplash injury, a Superior Court judge properly granted summary judgment in favor of the defendants, where the plaintiff failed to raise a triable issue of fact whether her medical expenses exceeded the monetary threshold under G. L. c. 231, § 6D, given that she could not differentiate her medical expenses related to the whiplash injury from medical expenses associated with a second, unrelated car accident that injured her the following month [425-428]; moreover, no genuine issue of material fact existed whether the plaintiff would have amassed expenses exceeding the requisite $2,000 threshold had the second accident not occurred, where such a determination would require a jury to resort to impermissible speculation on this record [428].

CIVIL ACTION commenced in the Superior Court Department on November 3, 2003.

The case was heard by *Peter W. Agnes, Jr.,* J., on a motion for summary judgment.

*Jeffrey A. Gorlick* for the plaintiff.

*Marco T. Bon Tempo* for the defendants.

Rapoza, C.J. The following facts are not in dispute. On February 1, 2001, the plaintiff, Esmeralda Lima, suffered a whiplash injury when the car she was driving was struck by a vehicle driven by the defendant, Jack Marshall (the February accident). One month later, on March 2, 2001, after incurring $436.35 in medical expenses related to the February accident, but before

[1]Katherine M. Bourgeois.

beginning a scheduled course of recommended physical therapy, Lima was involved in a second, unrelated car accident (the March accident). As a result of the March accident, Lima experienced low and middle back pain in addition to an aggravation of the pre-existing whiplash injury, which had affected her neck and upper back and caused painful headaches.

Lima continued treatment following the March accident, including but not limited to physical therapy, the purpose of which was to alleviate "the combined effects the two accidents had on [her] injuries and symptoms." Lima's medical expenses for all of her post-March accident treatment amounted to $4,937.02. With the exception of the three initial bills incurred prior to the March accident, which totaled only $436.35, none of Lima's medical bills, reports, or records separate out her treatment or expenses between the two accidents.

Lima brought this action against Marshall and the owner of the car he was driving, defendant Katherine Bourgeois, generally alleging negligence and seeking to recover damages for pain and suffering proximately caused by the February accident.[2] The defendants subsequently moved for summary judgment, which was allowed. The sole issue on appeal is whether, as matter of law, Lima failed to meet the monetary threshold, under G. L. c. 231, § 6D, required to allow her to maintain the tort action against Marshall and Bourgeois for pain and suffering stemming from the February accident.

*Discussion.* "An integral part of the statutory 'no-fault' insurance scheme is G. L. c. 231, § 6D, which conditions a plaintiff's recovery for pain and suffering on the determination that his reasonable and necessary medical expenses are in excess of [$2,000], unless the accident-related sickness or injury falls into one of five defined categories."[3] *Vieira* v. *Schupp*, 383 Mass. 739, 742-743 (1981). The Supreme Judicial Court has determined

[2]Lima's claims against the driver involved in the March accident were settled.

[3]Relevant here, G. L. c. 231, § 6D, as amended by St. 1988, c. 273, § 55, generally provides: "In any action of tort . . . arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury . . . only if the reasonable and necessary expenses incurred in treating such injury . . . for neces-

that "[i]t falls to the plaintiff . . . to satisfy the trier of fact that her reasonable and necessary medical expenses were in excess of [the threshold amount]." *Id.* at 743. See *Victum* v. *Martin*, 367 Mass. 404, 408 (1975) (discussing the type of evidence a plaintiff must produce to "satisfy his burden of proof by a preponderance of the evidence"). "Whether [a] plaintiff's medical expenses were necessary, fair, and reasonable and in total exceeded the [statutory] threshold [are] questions for the jury." *Phelps* v. *MacIntyre*, 397 Mass. 459, 464 (1986). Summary judgment is nevertheless appropriate when, as here, the plaintiff fails to raise a triable issue of fact whether the threshold pursuant to § 6D has been met.

In order to determine whether there is a question for the jury on the threshold amount, we must look beyond the expenses to both the injury claimed by Lima and the treatment she sought as a result of the defendants' negligence. In this regard, the burden would be on Lima to establish at trial, by a preponderance of the evidence, that the treatment underlying her expenses was "necessary," i.e., that it "legitimately arose out of the injury claimed by [her]" in the February accident.[4] *Pietroforte* v. *Yellow Cab of Somerville, Inc.*, 19 Mass. App. Ct. 961, 962-963 (1985). See *Victum* v. *Martin, supra* at 407. "The requirement is satisfied if it is shown that the treatment . . . represented a bona fide effort to alleviate and ameliorate the injury [claimed]." *Pietroforte* v. *Yellow Cab of Somerville, Inc., supra* at 963.

A fair reading of Lima's complaint, combined with materials Lima provided in response to the defendants' motion for summary judgment, all indicate that the only injury for which she sought treatment as a consequence of the defendants' negligence in causing the February accident is a whiplash injury. Consequently, we may only consider the treatment that "legitimately arose out of" the whiplash injury of February 1, 2001, in determining what, if any, related medical expenses can be used to meet the threshold amount.

---

sary medical . . . services . . . are determined to be in excess of two thousand dollars." The statute goes on to list various exceptions to the $2,000 threshold requirement that are not applicable to this case.

[4]A plaintiff must also show that such expenses are reasonable, a matter that is not at issue in this case.

As mentioned previously, there appears to be no dispute that the medical treatment Lima sought and received on three occasions prior to March 2, 2001, "legitimately arose out of" the whiplash injury and also "represented a bona fide effort to alleviate and ameliorate" that particular injury. *Pietroforte* v. *Yellow Cab of Somerville, Inc.*, *supra* at 963. Consequently, although the $436.05 in medical expenses incurred for such treatment was undisputably necessary, it nevertheless fell short of the statutory threshold to recover in tort for pain and suffering.

Lima, however, failed to document, as was her burden — with supporting bills, records, or reports — what treatment subsequent to the March accident "represented a bona fide effort to alleviate and ameliorate" the February whiplash injury. Additionally, she failed to demonstrate, for purposes of avoiding summary judgment, which of her medical expenses incurred after the March accident were associated with the treatment for whiplash and whether those expenses exceeded $2,000 when combined with those she incurred in February.[5] In sum, without further explication of its relationship to the injury suffered in February, the evidence relied upon by Lima is insufficient to raise a question for the jury whether she satisfied the threshold requirement. The judge below was thus correct to allow the defendants' motion for summary judgment on that ground. Contrast *Holmgren* v. *LaLiberte*, 4 Mass. App. Ct. 820, 820-821 (1976) (concluding that although the plaintiff was treated simultaneously for pre-existing pulmonary conditions during his first

---

[5]Lima argues, relying on *Wallace* v. *Ludwig*, 292 Mass. 251 (1935), that the defendants are liable for all expenses associated with the treatment of her injuries aggravated by the March accident. In *Wallace*, the plaintiff was injured in a car accident but died many months later due to complications arguably associated with the injuries she suffered as a result of the accident. *Wallace* held that "where an injury arising from a cause which entails liability on the defendant combines with a . . . subsequently acquired disease, the person liable for the injury is liable also for the resulting aggravation." *Id.* at 256. Even were we to accept the application of the principles discussed in *Wallace* to the events presented here, it would avail the plaintiff nothing. The March accident caused distinct injuries to other parts of Lima's body (low and middle back) not injured in the February accident. Lima's summary judgment submission fails to distinguish those treatments and expenses associated with the injuries aggravated by the March accident (neck and upper back pain) from those which were exclusively caused by the March accident (low and middle back pain).

hospitalization, a reasonable inference could be drawn from evidence of two lengthy hospitalizations, other extensive treatment, and physicians' consultations that medical expenses necessitated solely by the plaintiff's claimed orthopedic problems exceeded the threshold amount under G. L. c. 231, § 6D).

Alternatively, Lima argues that a genuine issue of material fact exists whether she *would have* amassed an amount exceeding the requisite $2,000 had the March accident not occurred. Notwithstanding the question whether § 6D allows such anticipated expenses to qualify toward the threshold,[6] we conclude that on this record a jury would have to resort to impermissible speculation in order to make such a determination. Although a reasonable inference could be drawn that the injury Lima suffered in the February accident required continuing treatment beyond the March accident, there is no showing in the record of what the eventual costs associated with the treatment for the February accident would have been.

*Judgment affirmed.*

---

[6]The Supreme Judicial Court left open the question whether "medical and similar expenses not incurred at the time of trial but whose incurrence is reasonably to be expected may count toward the [statutory] threshold." *Phelps* v. *MacIntyre, supra* at 465 n.6.