Baylor, J.
The plaintiff/appellee, Lance Tucker (‘Tucker”), commenced this contract action after the defendant/appellant, Rudy Diamond (“Diamond), a general contractor, failed to complete a home renovation project at 145 Marcella Street in Roxbury, Massachusetts. Tucker engaged the services of another contractor to finish the home renovation on the subject premises and thereafter brought this breach of contract action against Diamond. Judgment in favor of Tucker entered on a single count of breach of contract after a jury-waived trial.
By way of this Dist./Mun. Cts. R. A. D. A, Rule 8A, expedited appeal, the appellant Diamond raises four issues. The first two of these issues challenge the sufficiency of the evidence presented at trial to support the trial judge’s findings. The third and fourth issues are based on factual premises not found by the trial judge. After review of all issues, we affirm the judgment entered in favor of the plaintiff.
According to the detailed findings of fact and rulings of law made by the trial judge, the parties entered into a contract for the complete rehabilitation, of the premises located at 145 Marcella Street. Although the work began on November 23,2006, a written-contract drafted by the plaintiffs attorney was not signed by the parties until April 10, 2007. The contract price of $185,150 was to be paid in three installments as the construction work progressed — with final payment to be made upon recept of an occupancy certificate. The plaintiff paid the defendant $40,000 on April 11,2007; $36,500 on April 23,2007; $42,000 on June 15,2007 and $18,000 on July 13, 2007 for a total of $136,500. The trial judge found that “none of the payments were dedicated to any specific portion of the work.”
At some point after the last payment in July 2007, the defendant stopped work on the project, and, as noted above, the services of another contractor were required to complete the renovation at 145 Marcella Street.
In his findings of fact, the trial judge found that the defendant “under estimated the cost of the [contractural work]” and that “[t]he defendant refused to perform additional work without being paid additional money.” The judge also found that “ [t]he plaintiff stopped paying the defendant additional money when he concluded that the defendant had failed to complete a substantial amount of work he had been paid for.”
The subsequent contractor who finished the work was paid “approximately $47,000 to complete the job at 145 Marcella Street and put [the plaintiff] in the position he had bargained for if the defendant had fulfilled his contractual obligations...” The trial court awarded the plaintiff $50,000 on Count 1 (breach of contract claim).
*254 (1) and (2) Sufficiency of Evidence to Support Trial Tudge’s Findings The defendant/appellant argues that (1) it was the plaintiff who materially breached the contract, and, (2) that he (the defendant) did not materially breach the contract. We construe both arguments as claims that the judge’s findings of fact were “clearly erroneous.” In reviewing an action in which the trial judge acts as factfinder “appellate courts will accept the trial judge’s findings of fact as true unless they are clearly erroneous.” Kendall v. Selvaggio, 413 Mass. 619 (1992). Here, however, in this Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal, we have no trial transcript from which to undertake such a review. The trial judge was in the best position to judge the credibility of the witnesses and his detailed findings of fact make it abundantly clear that it was Diamond who breached the contract when he had refused to do additional work without being paid additional money. We reject both arguments on the basis that they are contrary to the facts found by the trial judge, and also on the separate basis that the appellant failed to furnish a sufficient record for review of this issue raised on appeal. See Woldridge v. Hickey, 45 Mass. App. Ct. 637 (1992); Brown v. Perkins, 2001 Mass. App. Div. 145.
(3) Anticinatorv Breach Diamond also argues that the judgment entered against him should be reversed because anticipatory breach of contract is not recognized under Massachusetts law. In advancing this argument, Diamond cites the trial judge’s finding that “[t]he defendant was ready, willing and able to do additional work if he had been paid additional money,” and argues in his brief that ‘Tucker abrogated Diamond’s right to finish the job.” Taken together, we presume Diamond offers these findings to suggest that Tucker committed an anticipatory breach of their contract by refusing to pay him additional money. Leaving aside the fact that Massachusetts law does not recognize anticipatory breach of contract, Daniels v. Newton, 116 Mass. 530 (1874), the trial judge’s findings made clear that it was Diamond who breached the contract by “not complefting] the job agreed to in the contract for work at 145 Marcella Avenue.” Thus, we reject this argument on the basis that it is contrary to the facts found by the trial judge.
(4) Illegality of Contract Lastly, Diamond claims that the scope of the building permit obtained by Tucker from the City of Boston exceeded the scope of the reconstruction work contemplated by the parties in their written contract and argues that “the Court awarded Tucker damages for the failure of Diamond to continue to work illegally.” This argument, too, is premised on facts not found by the trial judge. With respect to the building permits, the trial judge found that:
On June 21, 2007, the plaintiff with the defendant’s help and direction filed an application for a permit for ‘minor alteration, repair, replacement, renovation, or demolition, not to include structural work, egress, or change of occupancy’ of an existing structure.
[The trial judge also found that]
The defendant’s contention that he did not work because of the limits of the June 21, 2009 permit is not credible because the defendant went to the property in August 2007 to continue work and also left two telephone messages in September 2009 for the plaintiff stating that he would come to the property [at 145 Marcella Avenue] and finish the job. Additionally, on September 5, 2007 the defendant stated that he would complete the job.
*255 In light of these findings, we do not agree that the building permits obtained by the plaintiff were illegal and therefore unenforceable. Diamond’s own appellate brief states that Tucker obtained the proper permits to encompass the scope of the rehabilitation construction work. Diamond’s argument here is the equivalent of a denial of a request for a ruling premised on facts not found by the trial judge. Lowell Window Shade Co. v. Bernstein, 57 Mass. App. Div. 170. We do not reach the question of whether the contract between the parties was illegal because it is contrary to the facts found by the trial judge.
Accordingly, the trial judge’s decision is affirmed.
So ordered.