McKenna, J.
The facts of this Dist./Mun. Cts. R.A.D.A. Rule 8A appeal by the defendant/appellant Rudy Diamond (Diamond), are similar to those found in our decision in Lance Tucker v. Rudy Diamond, 2010 Mass. App. Dec, ante, at 253. Indeed the three issues raised on appeal in this breach of contract action are identical to those raised in Tucker, supra. For the same reasons provided in Tucker, supra, we reject Diamond’s claims of error and affirm the entry of judgment.
According to the findings of fact made by the judge in a jury-waived trial, the plaintiff, Michael Lungelow (Lungelow), entered into a contract with Diamond to complete construction work left unfinished by another contractor at 27 Ellington Street, Dorchester, Massachusetts. Diamond told Lungelow that it would cost $377,000 to finish the project and Lungelow told Diamond that the maximum amount of financing he could obtain was $299,000. The trial judge found that “Diamond signed an agreement to do the job for $299,000 because that was the amount Lungelow was able to borrow to finish the project.” Lungelow obtained financing from the Boston Firefighters Credit Union.
Diamond began work in November 2006 and received the first payment from Lungelow in the amount of $14,000 on December 26, 2006. As work progressed, Diamond received the following additional payments from Lungelow; $99,000 on *256 January 10, 2007; $53,000 on February 28, 2007 and $46,000 on May 11, 2007.
On July 26, 2007, Diamond requested an additional payment of $23,000. The Boston Firefighters Credit Union refused to provide Lungelow with additional funds to pay Diamond because their agent reported that Diamond had failed to completely finish work for which he had already received the foregoing payments. In his findings of fact, the trial judge found, inter alia:
32. Lungelow refused to pay Diamond any additional money.
33. Lungelow concluded that Diamond had failed to do work that he had [already] been paid to do.
34. Because Lungelow didn’t provide additional money Diamond stopped working at [27 Ellington Street.]
Diamond told Lungelow he could complete the project if he received more money than had been agreed to in their contract. Under Diamond’s proposal, the total amount of expenditures would be $376,000 rather than $299,000. After Lungelow refused to pay Diamond the additional monies, Diamond withdrew from the project and another contractor hired by Lungelow had to complete the project.
After trial, judgment entered on the plaintiff’s breach of contract claim in the amount of $82,000.
Sufficiency of Evidence As noted above, the arguments raised here by the appellant Diamond are identical to those raised in Lance Tucker v. Rudy Diamond, ante, and require us to determine the sufficiency of evidence presented to the trial judge. Diamond argues that (1) it was Lungelow who breached the contract, and (2) that he, (Diamond), did not breach the contract. Both arguments require this panel to find facts contrary to those found by the trial judge, and, as such, would require a review of the testimony provided at trial. In reviewing an action in which the trial judge acts as factfinder “ appellate courts will accept the trial judge’s findings of fact as true unless they are “clearly erroneous.” Kendall v. Selvaggio, 413 Mass. 619 (1992).
In this Dist./Mun. Cts. R. A D. A., Rule 8A, expedited appeal, we have no trial transcript from which to undertake such a review. The trial judge was in the best position to judge the credibility of witnesses and his detailed findings of fact make it abundantly clear that it was Diamond who breached the contract when he refused to do additional work that he had agreed to perform without being paid additional money. We reject both arguments on the basis that they are contrary to the facts found by the trial judge, and, on the entirely separate basis that appellant failed to furnish a sufficient record for review of this issue raised on appeal. See Woldridge v. Hickey, 45 Mass. App. Ct.637 (1992); Brown v. Perkins, 2001 Mass. App. Div. 145.
Anticipatory Breach As in Lance Tucker, ante, at 254, Diamond argues that it was the plaintiff, in this case, Lungelow, who “abrogated Diamond’s right to finish the job by refusing to provide Diamond with additional money.” We assume Diamond’s characterization is utilized to suggest that it was Lungelow who committed an anticipatory breach of their contract by refusing to pay Diamond more money. Again, apart from the fact that Massachusetts law does not recognize anticipatory breach of contract, Daniels v. Newton, 116 Mass. 530 (1874), the trial judge’s findings of fact made clear that it was Diamond who breached the contract (by seeking payment of *257 monies beyond the amount of money specified in their agreement). The trial judge found that “[bjecause Lungelow didn’t provide additional money Diamond stopped working at [27 Ellington Street].” We reject Diamond’s argument as contrary to those found by the trial judge.
Accordingly, the trial judge’s decision is affirmed.
So ordered.