The plaintiff, Gail Chenell, sued the defendants, Central Wheelchair and Van Transportation, Inc. (Central) and its employee, Brendan Michael Cross, seeking damages for personal injuries that she sustained in a motor vehicle accident. At a trial in the District Court, the judge allowed the defendants' motion for a directed verdict pursuant to Mass.R.Civ.P. 50(a), 365 Mass. 814 (1974). The only question before us is whether, when the plaintiff submitted in evidence only medical treatment records but no medical bills or testimony about the bills, there was an absence of evidence proffered by the plaintiff to show that her medical costs incurred in treating her accident-related injuries exceeded $2,000, the threshold requirement, under G. L. c. 231, § 6D, for recovery of pain and suffering damages. The Appellate Division affirmed the outcome in all respects. We reverse.
1. Background. On May 17, 2011, the plaintiff, who used an electric wheelchair, was traveling in a handicap accessible van owned by Central and driven by Cross. As a result of an abrupt stop, the plaintiff fell partly out of her wheelchair, her knees hit the floor, and her wheelchair tipped on top of her.
At trial, the plaintiff introduced certified medical records evidencing her course of treatment for injuries as a result of the fall in the van. These records document a visit to a hospital emergency room during which the plaintiff was examined and underwent numerous imaging tests (including multiple x-rays and a computerized tomography scan). She had follow up visits with her primary care physician related to the back injury, and, within a month of the incident underwent diagnostic magnetic resonance imaging (MRI) for the lumbar sprain and strain, and received at least two prescriptions to treat the injury.
Some four years after the accident, on April 9, 2015, the plaintiff presented to an orthopedic specialist, Dr. David C. Morley, who prepared a report of his findings.[3] Based on his examination of the plaintiff and a review of her medical history, Morley determined, "within a reasonable degree of medical certainty," that the plaintiff had suffered an "acute flexion/extension injury" to her neck and lumbosacral spine, injuries that were, in Morley's informed opinion, causally related to the May 17, 2011, accident. Morley's written report was admitted in evidence at trial with no objection by the defendants.
2. Discussion. In reviewing the allowance of the defendants' motion for a directed verdict, pursuant to rule 50(a), we "evaluate whether 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the [nonmovant].' " O'Brien v. Pearson, 449 Mass. 377, 383 (2007), quoting from Turnpike Motors, Inc. v. Newbury Group, Inc., 413 Mass. 119, 121 (1992).
General Laws c. 231, § 6D, "conditions a plaintiff's recovery for pain and suffering on the determination that his [or her] reasonable and necessary medical expenses are in excess of [$2,000], unless the accident-related sickness or injury falls into one of five defined categories." Vieira v. Schupp, 383 Mass. 739, 742-743 (1981).
The core question at trial reduced to whether the plaintiff adduced sufficient evidence to show that her necessary and reasonable medical expenses exceeded $2,000.[4] See Victum v. Martin, 367 Mass. 404, 407 (1975) ; Lima v. Marshall, 70 Mass. App. Ct. 424, 427 (2007). While it was not the best practice to fail to offer itemized medical bills, it was not inherently fatal to the plaintiff's claim in this particular case. Under Massachusetts law, the trier of fact may reasonably infer, based on certified medical records of the plaintiff's treatment, that his or her medical expenses, necessitated solely by and causally related to the subject motor vehicle accident, was (or was not) in excess of the $2,000 threshold under G. L. c. 231, § 6D. See Holmgren v. LaLiberte, 4 Mass. App. Ct. 820, 821 (1976). Viewed in the light most favorable to the plaintiff, given the emergency room visit, numerous imaging tests, including an MRI, and prescriptions, the jury could have concluded that the plaintiff's medical costs incurred in treating her accident-related injuries exceeded $2,000, the threshold requirement, under G. L. c. 231, § 6D. The lack of expert testimony, or lay testimony from the plaintiff, does not foreclose the same. Victum v. Martin, supra at 408-409. It was error not to submit the case to the jury.
The order of the Appellate Division is reversed. The judgment of the District Court that entered in favor of the defendants is reversed. The case is remanded to the District Court for a new trial.
So ordered.
Reversed and remanded.

Morley summarized the plaintiff's medical history and noted that the plaintiff had not encountered significant back pain prior to the 2011 motor vehicle accident.

No challenge was made to the sufficiency of the evidence as to the defendants' alleged negligence.