LOUISE M. VIEIRA & another vs. DAVID A. SCHUPP
& another.

Suffolk.  April 9, 1981. — June 8, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & NOLAN, JJ.

Insurance, Motor vehicle insurance, "No-fault" insurance.

Under the Massachusetts "no-fault" automobile insurance law, the ex-
emption from liability in G. L. c. 90, § 34M, is applicable only to a
tortfeasor who is the owner or operator of a motor vehicle to which
personal injury protection benefits apply, and, therefore, a plaintiff's
tort action against defendants to whom such benefits did not apply
was not barred by the fact that she had recovered personal injury pro-
tection benefits from her own insurer. [741-742]
A plaintiff who had received from her insurer an amount less than $500 in
personal injury protection benefits for medical expenses following an
automobile accident was not foreclosed from showing that her reason-
able and necessary medical expenses exceeded $500 for purposes of
recovery for pain and suffering under G. L. c. 231, § 6D. [742-743]

CERTIFICATION of questions of law to the Supreme Judicial
Court by the United States District Court for the District of
Rhode Island.

Martin M. Zucker for the defendants.
Edward L. Gnys, Jr., for Louise M. Vieira.

NOLAN, J.  This case comes to us on certification from the
United States District Court for the District of Rhode Island
of two questions concerning certain provisions of our so
called "no-fault" insurance law.  In particular, we are con-
cerned with G. L. c. 90, § 34M, and G. L. c. 231, § 6D, in-
serted by St. 1970, c. 670, §§ 4, 5.  See S.J.C. Rule 1:03, § 1,
as appearing in 382 Mass. 700 (1981).

The questions are as follows:

"1.  Under the Massachusetts No-Fault Insurance Law,
Mass. Acts 1970, c. 671 [sic], as amended, is plaintiff's tort

action barred, because the personal injury protection benefits she has received are 'granted in lieu of damages otherwise recoverable . . . in tort,' Mass. Gen. Laws. ch. 90, § 34M, or is plaintiff's tort action viable because the Rhode Island defendants, not being owners or operators 'of a motor vehicle to which personal injury protection benefits apply,' *id.*, are not, under § 34M, 'made exempt from tort liability'?

"2. If plaintiff's tort action is otherwise viable, does plaintiff's receipt from her insurer of $319.14 in personal injury protection benefits for medical expenses conclusively establish that her reasonable and necessary medical expenses were less than $500, and therefore, under Mass. Gen. Laws ch. 231, § 6D, compel dismissal of her tort claim for damages for pain and suffering?"

We respond as follows: To Question 1, we answer that the plaintiff's action is not barred by the fact that she has already received benefits. She has a viable tort action. To Question 2, we reply that the plaintiff's receipt of $319.14 for medical expenses under personal injury protection (PIP) benefits does not defeat her right to demonstrate, if she can, that her reasonable and necessary medical expenses exceed $500. Our analysis and reasons follow.

This action, with jurisdiction predicated on diversity of citizenship (see 28 U.S.C. 1332 [1976]), was commenced on August 16, 1977, by the filing of a complaint seeking recovery for personal injuries to the plaintiff resulting from a motor vehicle accident that occurred on May 20, 1976.[1]

An automobile registered in Rhode Island, operated by David A. Schupp and owned by Russell E. Schupp (both are defendants in this case), struck the rear of a vehicle operated by the plaintiff, Louise M. Vieira,[2] while her vehicle was

---

[1] The date of the accident appears in another part of the certification's statement of facts as May 16, 1976. The result is not affected by this disparity in the stated facts.

[2] The captions of the papers filed in the Federal District Court either include the name of Americo Vieira as a party plaintiff, or are headed "Louise M. Vieira et al." For the sake of simplicity, in the text of the opinion we treat Louise M. Vieira as the sole plaintiff.

stopped on a highway within the Commonwealth. The defendants have moved to dismiss on the ground that two provisions of the "no-fault" insurance laws of Massachusetts (G. L. c. 90, § 34M; G. L. c. 231, § 6D) bar the action. At the time of the accident, the defendants were residents and citizens of Rhode Island. No PIP benefits, as that term is used in § 34M, were applicable to them. The plaintiff, a resident and citizen of Massachusetts at the time of the accident, was the named insured under a policy which did provide PIP benefits. Her policy did not contain a deductible provision as described in § 34M. On or about June 1, 1976, the plaintiff submitted a claim for PIP benefits. She received from her insurer the sum of $1,142 for lost wages and $379.14[3] for medical expenses. In her complaint, which alleges that the accident was caused by the defendant operator's negligence and recklessness, she seeks recovery for physical injuries, pain and suffering, and other compensable damages.

The United States District Court for the District of Rhode Island has ruled that under the conflicts of law rules of Rhode Island, which are applicable to this diversity action, Massachusetts law is controlling on the substantive legal issues presented in this case.

1. *Question 1.* The primordial case in Massachusetts on the subject of "no-fault" insurance is *Pinnick* v. *Cleary,* 360 Mass. 1 (1971), in which this court upheld the constitutionality of this radically different form of compulsory motor vehicle insurance. Although *Pinnick* is not directly responsive to the questions propounded to us in this case, its language as to the purpose and scope of "no-fault" insurance is instructive. Anticipating the lament of future litigants, the *Pinnick* court pointed out that a plaintiff loses nothing (with a single exception not here material) by no-fault insurance "[b]ecause the exemption of the tortfeasor is exactly

---

[3] In the certified question this amount is stated as $319.14, though in the statement of facts medical expenses are specified as $379.14. There is nothing material in the disparity.

matched to the availability of personal injury protection benefits to the plaintiff." *Id.* at 8.

This result is assured by G. L. c. 90, § 34M, second par., inserted by St. 1970, c. 670, § 4, which contains the following language: "Every owner, registrant, operator or occupant of a motor vehicle *to which personal injury protection benefits apply* who would otherwise be liable in tort, and any person or organization legally responsible for his acts or omissions, *is hereby made exempt from tort liability* for damages because of bodily injury, sickness, disease, or death arising out of the ownership, operation, maintenance or use of such motor vehicle to the extent that the injured party is, or would be had he or someone for him not purchased a deductible authorized by this section, entitled to recover under those provisions of a motor vehicle liability policy or bond that provide personal injury protection benefits or from the insurer assigned" (emphasis supplied).

The clear meaning of this language is that the exemption from liability runs only to a tortfeasor to whom PIP benefits apply. The defendants in the instant case have no such coverage. The defendants do not qualify as "owner[s]" or "operator[s]" "of a motor vehicle to which personal injury protection benefits apply." Therefore, the defendants do not benefit from the statutory exemption, and the plaintiff's action against them is not limited. Cf. *Chipman* v. *Massachusetts Bay Transp. Auth.*, 366 Mass. 253, 257 (1974). See on this point 7 D.C. Blashfield, Automobile Law and Practice § 275.14 (3d ed. cum. supp. 1980).

2. *Question 2.* An integral part of the statutory "no-fault" insurance scheme is G. L. c. 231, § 6D,[4] which condi-

---

[4] General Laws c. 231, § 6D, inserted by St. 1970, c. 670, § 5, provides in full as follows: "In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital,

tions a plaintiff's recovery for pain and suffering on the determination that his reasonable and necessary medical expenses are in excess of $500, unless the accident-related sickness or injury falls into one of five defined categories. See *Chipman* v. *Massachusetts Bay Transp. Auth., supra* at 255.

There is no merit to the defendants' argument that receipt by the plaintiff of $379.14 is conclusive as to whether this sum represents the totality of reasonable and necessary expenses incurred. The statute places no time constraint on when the expenses must be incurred. It falls to the plaintiff, to be sure, to satisfy the trier of fact that her reasonable and necessary medical expenses were in excess of $500. *Victum* v. *Martin*, 367 Mass. 404, 408 (1975). She is not foreclosed from making such a showing, however, by accepting a sum of money less than $500 from her insurer.

The Reporter of Decisions and the clerk of this court are to follow the procedures set out in *Hein-Werner Corp.* v. *Jackson Indus., Inc.*, 364 Mass. 523, 530-531 (1974), for furnishing copies of this opinion and transmitting them.

*So ordered.*

---

professional nursing and funeral expenses are determined to be in excess of five hundred dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing as is described in paragraphs (*a*), (*b*), (*c*), (*d*), (*e*), (*f*) and (*g*) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture."