**SAFETY INSURANCE COMPANY,**
**Plaintiff,**

v.

**UNITED STATES POST OFFICE,**
**Defendant.**

No. Civ.A. 98–12134–EFH.

United States District Court,
D. Massachusetts.

Jan. 21, 1999.

(1985). A party may respond to another party's objections within ten (10) days after being served

Leonard D. Zamansky, Law Offices of Thomas S. Francis, Boston, MA, for Safety Insurance Company, plaintiff.

Andrew L. Freeman, U.S. Attorney's Office, Windsor, CT, for U.S. Post Office, United States Post Office, defendant.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on a Motion to Dismiss brought by Defendant United States Post Office. Plaintiff Safety Insurance Company has brought this action under the Federal Tort Claims Act ("FTCA") seeking reimbursement for damages in the amount of $1,419.00 that it paid to its insured, Huerth, & Huerth, Inc., in connection with a motor vehicle accident allegedly caused by the negligent operation of a postal vehicle by an employee of the defendant.

Under the FTCA, the federal government is liable in tort "in the same manner and to the same extent as a private individual would be liable under like circumstances...." 28 U.S.C. § 2674. "In deciding the manner and extent to which a private individual would be liable, the law of the place where the act or omission occurred must be applied." *Id.* § 1346(b); *Goldman v. United States,* 790 F.2d 181, 183 (1st Cir.1986). Accordingly, because the claim here arises out of an accident occurring in Massachusetts, the law of Massachusetts applies.

The Massachusetts "no-fault" insurance law requires that all motor vehicle liability policies issued or executed in the Commonwealth provide "personal injury protection benefits" ("PIP" benefits). Mass.Gen.L. ch. 90, § 34M. Individuals injured in automobile accidents, therefore, may recover certain payments for personal injuries under their own policies, regardless of which party was at fault. The law prevents duplicative recovery by an injured person, however, by providing that such PIP benefits are granted "in lieu of damages otherwise recoverable by the injured person." *Id.; Pinnick v. Cleary,* 360 Mass. 1, 8, 271 N.E.2d 592 (1971) ("[T]he

with a copy thereof.

accident victim loses his right to recover in tort to the extent he is eligible for personal injury protection benefits.").

■ The law provides, however, that insurers that pay out PIP benefits "shall be subrogated to that exact extent," allowing them to bring an action against "any person liable for such damages in tort who is not exempt from said liability as a result of the provisions of this section." Mass.Gen.L. ch. 90, § 34M. A person is "exempt from liability" if he or she is the owner or operator of a motor vehicle "to which personal injury protection benefits apply." *Id.* In other words, as the Supreme Judicial Court stated in *Chipman v. Massachusetts Bay Transportation Authority,* 366 Mass. 253, 257, 316 N.E.2d 725 (1974), "the exemption from tort liability is available to persons who are themselves covered by personal injury protection insurance."

■ The question presented in this case, therefore, is whether the United States Post Office ("USPO") is the owner/operator of a motor vehicle "to which personal injury protection benefits apply"—i.e., an owner/operator which is itself covered by PIP insurance. If the USPO is indeed deemed the owner/operator of a motor vehicle "to which personal injury protection benefits apply," then the USPO is exempt from tort liability (reimbursement) for the PIP damages already paid by the plaintiff-insurer to its insured and the case must be dismissed. If the USPO is not considered the owner/operator of a motor vehicle "to which personal injury protection benefits apply," the case may proceed.

This Court agrees with, and has chosen to adopt, the holding and reasoning of United States District Judge Wolf in *Commercial Union Insurance Co. v. United States,* Civil Action No. 91–10091–WF, slip op. at 4–5 (D.Mass. October 27, 1992). There, in a case also alleging negligence by a USPO driver, the court held that the United States did not stand in the position of an uninsured motorist (i.e., one not entitled to the exemption described above). *Id.* at 4. The court reasoned, rather, that "the federal government provides its employees with financial security at least equivalent to the insurance contemplat-

ed by state law because the Federal Employees Compensation Act [ (5 U.S.C. § 8101 *et seq.*) ] requires that the government provide comprehensive coverage for its employees' medical bills and earnings losses." *Id.* (citing *United States Fidelity & Guaranty Co. v. United States,* 728 F.Supp. 651, 654 (D.Utah 1989)). *See also Nationwide Mutual Insurance Co. v. United States,* 3 F.3d 1392, 1396 (10th Cir.1993).

The court further reasoned, and this Court agrees, that such a conclusion is consistent with the Massachusetts no-fault statute, which excludes from its definition of "motor vehicle liability policy" "an employee of the federal government while acting within the scope of his office or employment." *See Commercial Union,* Civil Action No. 91–10091–WF, slip op. at 4–5 (D.Mass. October 27, 1992) (citing Mass.Gen.L. ch. 90, § 34M). As District Judge Wolf stated, "[t]his provision indicates that the Massachusetts statute did not seek to require or contemplate that vehicles owned and operated by the federal government would be covered by the type of insurance policies required for privately owned vehicles." *Id.* at 5.

This Court finds District Judge Wolf's opinion in *Commercial Union* well reasoned and entirely on point in this matter. Accordingly, the Court orders that Defendant's Motion to Dismiss be granted and plaintiff's Complaint be dismissed with prejudice.

SO ORDERED.