Wernick, J.
Chapter 90, Section 34M provides in pertinent part:
Eveiy owner, registrant, operator or occupant of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort ... is hereby made exempt from tort liability . . .
[Emphasis supplied.]
The clear meaning of this provision is that such owners, registrants, operators and occupants are to have the benefit of the exemption if the motor vehicle owned by them, registered to them, or operated or occupied by them is one to which personal injuiy benefits apply. This is apparent from the use of the word “which” rather than the word “whom” in the emphasized portion of the above quotation from the statute.
Plaintiffs reliance upon Viera v. Schupp, 383 Mass. 739 (1981). is misplaced. In Viera, the Defendant’s *513 vehicle was not a motor vehicle to which personal injury protection benefits applied, because it was registered and insured in Rhode Island. The Court’s statement that “(T]he clear meaning of this language (MGL 90:34M, second par.) is that the exemption from liability runs only to the tortfeasor to whom PIP benefits apply,” must be read in the context of the facts of the case and the clear language of Chapter 90, Section 34M. So read, the Court’s holding was that the exemption runs only to a tortfeasor to whom PIP benefits potentially apply because the tortfeasor was the owner, registered owner, operator or occupant of a motor vehicle to which PIP benefits apply.
To read Viera out of context, as Plaintiff has, would lead to the absurd result that the availability of the exemption to owners, registered owners, occupants and operators, would depend entirely on whether a particular operator of a vehicle to which PIP benefits applied was disqualified personally from recovering such benefits because covered by workers’ compensation, operating while under the influence, or while committing a felony or while seeking to avoid arrest by a police officer, or while operating with the specific intent of causing injury to himself or others. The issue is not whether PIP coverage is available to the operator in the particular circumstances of the accident, but whether the insurance coverage for the vehicle includes PIP coverage, which it presumably does in this case. Compare Murphy v. Bohn, 377 Mass. 544 (1979).
The Plaintiff has received the benefit of his PIP coverage. The Defendants’ vehicle was registered in Massachusetts and, therefore, was required to carry PIP coverage. Its owner was required to “bear the burden of the no-fault scheme.” Murphy, supra at 551. In those circumstances it would contravene the essence of the no-fault scheme to deny Defendants the benefit of the tort exemption simply because the defendant operator was personally disqualified from receiving PIP benefits. Accordingly Defendants’ motion to reduce the judgment by $8,000 is allowed.[1]
Since the reduction is predicated upon an exemption from tort liability, it would be inappropriate to award interest on the amount exempted. The judgment, therefore, of $35,000 shall be reduced to $27,000 and final judgment shall enter in the amount of $27,000, plus interest and costs.

The Court rejects, without discussion, Defendants’ alternative argument that the $8,000 was an advancement pursuant to G.L.c. 231, §140B.