Per Curiam.
Defendants Henry and Pamela Richardson have appealed the denial of their motion to amend the judgment entered against them in this motor vehicle tort case.
The complaint alleged that defendant Henry Richardson so negligently operated his vehicle that he caused it to collide with the automobile operated by plaintiff Luz Carrasquillo. The plaintiff sought damages for loss of earning capacity, pain and suffering, and medical expenses “in excess of Two Thousand ($2000.00) Dollars.” The defendants’ answer set forth seven affirmative defenses, including the assertion that they were “exempt from liability ... under the provisions of M.G.L., Ch. 90, §34M for all or part of the damages, loss, or expenses claimed by the plaintiff.” After trial, the jury returned a verdict for the plaintiff in the amount of $7,500.00, plus $1,425.00 in interest and $152.70 in costs. Judgment was entered accordingly.
Nine days after judgment entry, the defendants moved to amend the judgment. They sought to reduce the judgment by $6,167.78, the amount of personal injury protection (“PIP”) benefits allegedly paid by their insurer, State Farm Mutual Insurance Company ("State Farm”), to the plaintiff’s PIP carrier, Arbella Mutual Insurance Company (“Arbella”). State Farm made the PIP payment to Arbella after judgment was entered, but before the motion to amend was filed. The defendants’ motion also sought the recalculation of interest based on the reduced amount of damages. The plaintiff opposed the motion on the grounds that there was “no admissible evidence” that Arbella had actually paid PIP benefits in the amount stated, and that “State Farm, operating out of New Hampshire, was [njever a participant in the Massachusetts No-Fault Insurance system, as memorialized in M.G.L. ch. 90, §34M.” On the day of the motion hearing, the defendants filed two affidavits. The first, by an employee of Arbella, stated that Arbella paid PIP benefits on behalf of the plaintiff in the amount of $6,167.78 “comprised of $5,867.78 for medical benefits and $300 for lost wage benefits.” The second affidavit, by a State Farm employee, stated that the State Farm policy issued to defendant Pamela Richardson was “a standard Massachusetts Automobile Policy, conforming in all respects to the statutory scheme requiring. ... [PIP] benefits” and that the vehicle insured under that policy was a “1997 Nissan Pick-up truck registered in Massachusetts.” The insurance policy was attached to the affidavit. *6 The trial judge denied the defendants’ motion to amend without stating any reasons for his ruling, and this appeal followed.
Section 34M of G.L.c. 90 provides that
[ejvery owner ... of a motor vehicle to which ... [PIP] benefits apply who would otherwise be liable in tort... is... exempt from tort liability for damages ... to the extent that the injured party is ... entitled to recover under those provisions of a motor vehicle liability policy ... that provide [PIP] benefits....
The defendants argue on this appeal that they enjoy an exemption under §34M in the $6,167.78 amount of PIP benefits paid, which the trial judge was required to deduct from the $7,500.00 verdict in favor of the plaintiff. Abandoning her argument that there was no evidence that those PIP benefits were paid, the plaintiff now seeks to avoid such a deduction solely on the ground that the exemption is only available to motorists who also have PIP coverage. It is true that the §34M exemption is so restricted. See Safety Ins. Co. v. United States Post Office, 32 F. Supp. 2d 484 (D. Mass. 1999). That was part of the trade-off when “no-fault” was enacted. An insured who was injured in a motor vehicle accident lost his right in some circumstances to be fully compensated. On the other hand, if he is the negligent parly in an accident, the law “accords him the same benefits he would have if he were non-negligent. In addition, he is afforded immunity from liability to the extent other injured parties are eligible for benefits.” Pinnick v. Cleary, 360 Mass. 1, 23 (1971). For the “no-fault” insurance legislative scheme to work, both motorists in an accident must be insured under a Massachusetts policy with PIP coverage.
The plaintiff argues that the insurance policy issued to the defendants by State Farm was not such a policy. However, the record before the trial court would not have warranted that conclusion. The defendants resided in Andover, Massachusetts; their vehicle was registered in Massachusetts. The accident occurred in Massachusetts. It does not matter that State Farm operates out of Bloomington, Illinois and apparently has divisions in New York and New Hampshire. The policy issued to the defendants, which is in the record, has PIP coverage and follows the language of all such policies issued to Massachusetts motorists. Under Massachusetts insurance law, a “[c]ompany” or an “[¡Insurance company” is defined as “all corporations, associations, partnerships or individuals engaged as principals in the business of insurance. ...” G.L.c. 175, §1. A “[djomestic company” is then defined as “a company incorporated or formed in the commonwealth.” Id. A “[f]oreign company” is defined as “a company formed by authority of any state or government other than this commonwealth.” Id. The provisions of Chapter 175 directly dealing with motor vehicle insurance make no distinction between domestic or foreign companies. See G.L.c. 175, §§113A-113T. Thus, there would have been no basis on this record to conclude that the defendants’ policy was not one “issued or executed in this commonwealth” under §34M. Accordingly, the judgment should have been amended as requested, with interest recalculated on the reduced amount.
The denial of the defendants’ motion to amend the judgment is hereby vacated, and this case is returned to the trial court for further proceedings consistent with this Opinion.
So ordered.