Sinnott, J.
The plaintiff, Alande Ulysse (“Ulysse”), filed this expedited appeal pursuant to Dist/Mun. Cts. RADA, Rule 8A Ulysse appeals the allowance of a motion by the defendant, Safety Insurance Company (“Safety”), for summary judgment pursuant to Mass. R Civ. R, Rule 56. The judgment of dismissal was entered on July 6, 2009. The issue is whether the judge erred in allowing Safety’s motion for summary judgment
We recite the background information because it is essential for an understanding of the circumstances that gave rise to Ulysse’s claim against Safety. A car accident occurred on November 15, 2007 between Ulysse and Derek Roy. Ulysse was insured through an automobile policy issued to Simone Ulysse by Safety. Mr. Roy was insured through another insurance company, North East Insurance Company (NE Insurance). Ulysse was represented by Attorney John Yasi and his law firm, Yasi and Yasi P.C. (hereafter collectively referred to as ‘Yasi”).
Pursuant to G.L.c. 90, §34M and the Personal injury Protection (PIP) Benefits provisions of the applicable Safety policy, Safety paid Ulysse for reasonable and necessary medical treatment amounting to $3,070.74.
Around July 2008, Ulysse, through Yasi, settled his third party claims against Mr. Roy’s insurance company, NE Insurance, for $13,000, which, among other things, was inclusive of all medical bills and PIP liens. Ulysse executed a release which contained .the provision that “[tjhis settlement also includes consideration for any monies which have been paid for or which may be due in the future from any applicable PIP auto insurer with regard to this claim.” Yasi agreed to be responsible to repay to Safety any monies owed in connection with PIP payments made by Safety to Ulysse.
On August 11,2008, Ulysse, through Yasi, sent a letter to Safety proposing to pay Safety $1,954.63, which was the amount Safety paid to Ulysse for PIP, reduced by both $1,023.58 in attorneys fees and $92.53 in costs. Safety never hired or authorized Ulysse or Yasi to settle claims on behalf of Safety. Safety disregarded Yasi’s proposal and received the full PIP amount of $3,070.74 directly from NE Insurance.
The only issue in his case is whether Yasi is entitled to attorneys’ fees and costs for the collection of the subrogation monies.
It is well established that an insurer who pays an insured’s claim under an insurance contract succeeds to any right of action that the insured may have against the party who was allegedly responsible for the loss. See Liberty Mutual Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass. App. Ct. 293, 296 (1993). An insur *312 er who has paid the insured for the entire loss may bring an action as a subrogee on behalf of the insured against the third party whose conduct resulted in the loss. Id.
The relevant automobile contract was between the policy holder, Simone Ulysse, and Safety. In that contract, Safety reserved its right of subrogation:
Sometimes we may make a payment under this policy to you or to someone else who has a separate legal right to recover damages from others. In that case, those legal rights may he exercised by us. Anyone receiving payment under those circumstances must do nothing to interfere with those rights.... (emphasis added).
Safety also makes clear in the contract that Safety will settle its claims unless it gives consent for another to do so:
We have the right to settle any claim or lawsuit as we see fit: If any person covered under this policy settles a claim without our consent, we will not be bound by that settlement, (emphasis added).
‘The interpretation of an insurance contract is no different from the interpretation of any other contract, and we must construe the words of the policy in their usual and ordinary sense.” Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 280 (1997) (citations omitted.). Here, because the terms are not ambiguous, the contract will be enforced in accordance with its terms. See Mejia v. American Casualty Co., 55 Mass. App. Ct. 461 (2002). The contract provisions establish that Safety has the legal right to settle any claims for persons covered under the policy.
Under those terms, only Safety[1] had the right to settle any of its subrogation claims, unless it consented to another doing so on their behalf. Safety did not consent to have Yasi act on Safety’s behalf in collecting the subrogation monies. There was no agreement between Yasi and Safely, written or implied,[2] for Yasi to represent Safety on its subrogation claim. Yasi was not entitled to attorneys’ fees and costs associated with the collection of that amount when Yasi was not authorized to act on Safety’s behalf.
Safety was entitled to the subrogation amount of $3,070.74, the full PIP payment made to Ulysse, because Ulysse was not entitled to double PIP payments when Yasi settled his third party case and that amount included the PIP payment
Moreover, because Ulysse was fully compensated for his PIP under the policy and received full compensation for his injuries against Mr. Roy (and executed a release indicating as such), he has no standing in this action.
The judge’s allowance of Safety’s motion for summary judgment is affirmed.

 Safety’s subrogation department collects subrogated funds, without any lawyer involved, simply through letters and telephone calls to the relevant insurer.

 In a letter dated May 14, 2007 on an unrelated case, Safety gave Yasi actual notice of Yasi’s interference with Safety’s subrogation rights where Yasi had acted similarly as it had in this case. Safety’s position in that letter was that Yasi was not entitled to attorney fees in that matter because Yasi wrongfully interfered with Safety’s subrogation rights and failed to obtain their consent prior to settling Safety’s subrogation claim.