Noonan, J.
This is a motor vehicle tort action in which, after a jury trial, judgment was entered for the plaintiff. The sole issue on this appeal is the propriety of the trial courts denial of the defendants Mass. R. Civ. E, Rule 59, motion to alter or amend judgment that sought to reduce the damages awarded by the amount of personal injury protection (“PIP”) insurance benefits paid to the plaintiff by his own insurer. There was no abuse of discretion in the denial of the defendants motion. Molloy v. Massachusetts Mtge. Corp., 1998 Mass. App. Div. 3, 5, citing Galvin v. Welsh Mfg. Co., 382 Mass. 340, 343 (1981) (motion to alter or amend judgment addressed to discretion of trial judge).
The facts are undisputed. On June 14, 2009, the plaintiff suffered injuries in an accident caused by the defendants vehicle proceeding through a red light and striking the plaintiffs vehicle. The plaintiffs automobile was insured by Safety Insurance Company (“Safety”) under the standard Massachusetts automobile insurance policy that includes PIP benefits. The defendants vehicle was insured by Geico Insurance Company (“Geico”) under a Connecticut automobile policy that did not include PIP benefits.
The plaintiff commenced this action to recover his medical expenses, pain and suffering, and lost wages resulting from the defendants negligence. After trial, the jury found for the plaintiff and returned special verdicts awarding the plaintiff $5,281.95 for medical expenses and $1,500.00 for personal injuries. Judgment was entered for the plaintiff in the total amount, including interest, of $8,451.72. As noted, the defendant then moved to reduce that judgment by subtracting the $5,349.95 in PIP benefits Safety had paid to the plaintiff. That motion was denied, and this appeal by the defendant followed.
1. We note at the outset that the defendant was not entitled to the ordinary “PIP offset” from damages pursuant to the second paragraph of G.L.c. 90, §34M that creates an exemption from tort liability for bodily injuries to the extent of the PIP ben *198 efits available to an injured plaintiff.[2] The defendant concedes, as he must, that the statutory exemption is not available to him because his Geico automobile insurance policy did not provide PIP benefits. It is established that “the exemption from tort liability is available to persons who are themselves covered by personal injury protection insurance.” Safety Ins. Co. v. United States Post Office, 32 F. Supp. 2d 484, 485 (D. Mass. 1999), quoting Chipman v. Massachusetts Bay Transp. Auth., 366 Mass. 253, 257 (1974). See also Vieira v. Schupp, 383 Mass. 739, 742 (1981); Carrasquillo v. Richardson, 2004 Mass. App. Div. 5, 6.
2. While the defendant admits that he is not entitled to a PIP offset, that is exactly what he sought, as a practical matter, in moving to offset the total damages awarded to the plaintiff by his PIP benefits.
The defendant argues, unpersuasively, that he is entitled to that de facto PIP offset because the plaintiff would otherwise receive an unjust windfall if permitted to recover damages after receiving insurance benefits, and because Safety's subrogation rights prevented the plaintiff from bringing this suit.
First, it is elementary that damages must be paid by the party who has caused the injuries in question. Shea v. Rettie, 287 Mass. 454,458 (1934). The defendants arguments ignore the fundamental legal principle that “a tortfeasor’s liability to an injured person shall not be reduced by the amount of compensation received by the injured person pursuant to an insurance policy.” Short v. Marinas USA Ltd. Partnership, 78 Mass. App. Ct. 848, 857 (2011), quoting Buckley Nursing Home, Inc. v. Massachusetts Comm’n Against Discrimination, 20 Mass. App. Ct. 172, 183 (1985). The G.L.c. 90, §34M exemption, to which the defendant agrees he is not entitled, is merely a limited statutory exception to that principle. The collateral source rule is a principle of substantive, not just evidentiary, law. Its purpose is “tort deterrence.” Law v. Griffith, 457 Mass. 349, 355 (2010).
The tortfeasor is required to compensate the injured party for the fair value of the harm caused, and is not to benefit from either contractual arrangements of the injured party with insurers or from any gifts from others intended for the injured parly.... [Ajvoiding a windfall to a tortfeasor is preferable even if a plaintiff thereby receives an excessive recovery in some circumstances (citations omitted).
Id. See also RESTATEMENT (SECOND) OF TORTS §920A comment b (1979) (“[I]t is the position of the law that a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor.”). In this case, the jury concluded that the defendant’s negligence caused the plaintiffs injuries and that the defendant was liable for the plaintiff’s resulting loss. The defendant is not entitled to be relieved of that established liability simply because of the plaintiff’s insurance.
*199 As to his second argument, the defendant appears merely to confuse “subrogation” with “assignment” “Subrogation and assignment are not the functional equivalent of each other.” Apthorp v. OneBeacon Ins. Group, LLC, 78 Mass. App. Ct. 115, 118-119 (2010), quoting Money Store/Mass., Inc. v. Hingham Mut. Fire Ins. Co., 430 Mass. 298, 302 (1999). “Subrogation is not a direct transfer of ownership of property. Rather, ‘it allows “the substitution of one person in place of another... so that he who is substituted succeeds to the rights of the other.’” East Boston Sav. Bank v. Ogan, 428 Mass. 327, 329 (1998), quoting Provident Coop. Bank v. James Talcott, Inc., 358 Mass. 180, 188 (1970).” Id. at 119. It is obvious that Safety, as the plaintiffs automobile insurer that has paid the plaintiffs PIP claim, has subrogation rights that are both statutory, pursuant to G.L.c. 90, §34M, and contractual, under the Massachusetts standard automobile liability policy. By virtue of such subrogation rights, an insurer
succeeds to any right of action that the insured may have against the party who was allegedly responsible for the loss. An insurer who has paid the insured for the entire loss may bring an action as a subrogee on behalf of the insured against the third party whose conduct resulted in the loss. As a subrogee, the insurer “stands in the shoes of the subrogor in whose name the action is broughf’ (citations omitted).
North Shore Plaza II, Inc. v. Northshore Mall Salon, Inc., 2007 Mass. App. Div. 11, 12, quoting Liberty Mut. Ins. Co. v. National Consolidated Warehouses, Inc., 34 Mass. App. Ct 293, 297 (1993). Thus, Safety had the right, but not the sole obligation, to bring this suit in the plaintiffs name, as subrogee, against the defendant. But as Safety was not required to commence the action, the plaintiff was not precluded from doing so. There is no merit in the defendanfs argument that the plaintiff lacked standing to bring this action, and the defendanfs reliance for a contrary proposition on Ulysse v. Safety Ins. Co., 2009 Mass. App. Div. 311 is misplaced as that case is inapposite.
An insurer’s exercise of its subrogation rights may indeed prevent an insured from obtaining a double recovery in the form of payments under his insurance policy and damages in an action against the third-party tortfeasor. See generally Apthorp, supra at 119. As the plaintiff correctly notes in this case, however, the possibility of a double recovery by the plaintiff at Safety’s expense is foreclosed by Paragraph 5 of the “General Provisions and Exclusions” of the Massachusetts standard automobile insurance policy. That provision entities a PIP carrier who has paid PIP benefits to be directly reimbursed by its insured from damages recovered, less the proportionate costs of recovering those damages. But, as noted, the defendant is not entitled to be relieved from his liability for those damages on the basis of the plaintiff’s insurance.[3]
*200 There was no abuse of discretion in the trial court’s denial of the defendant’s motion to alter or amend judgment. Judgment for the plaintiff is affirmed.
So ordered.

 General Laws c. 90, §34M states, in relevant part: “Every... operator... of a motor vehicle to which personal injury protection benefits apply who would otherwise be liable in tort... is hereby made exempt from tort liability for damages because of bodily injury ... arising out of the ownership, operation ... of such motor vehicle to the extent that the injured party is ... entitled to recover under those provisions of a motor vehicle liability policy... that provide personal injury protection benefits_”

 The gravamen of the defendanfs second argument appears to be nothing more than the concern of his insurer, Geico, that it will be compelled to pay both the judgment against the defendant and Safety’s subrogation claim. The defendant has in fact included in the record Safety’s 2009 subrogation claim notice to Geico and a notice of a 2010 arbitration hearing. The parties did not include in their brief any indication of the status or result of the insurers’ arbitration. In any event, neither that arbitration matter, nor the underlying insurers’ claims against each other, were properly before the trial court in this action between the plaintiff and the defendant.