COMMERCE INSURANCE COMPANY, INC. *vs.* JULIO ALVARADO & another.[1]

No. 12-P-1063.

Hampden. February 4, 2013. - May 14, 2013.

Present: CYPHER, KANTROWITZ, & FECTEAU, JJ.

*Motor Vehicle,* Insurance. *Insurance,* Motor vehicle insurance, Motor vehicle personal injury protection benefits, No-fault insurance.

In a civil action seeking a judgment declaring whether the plaintiff insurance company, which issued a motor vehicle insurance policy to an insured whose vehicle was involved in an accident with the defendants, was entitled to an offset, pursuant to G. L. c. 90, § 34M, for personal injury protection (PIP) no-fault benefits that the defendants received under their New York automobile insurance policy, the judge properly granted summary judgment in favor of the plaintiff, given that the defendants received no-fault benefits under their New York policy that compensated them for the same type of expenses that Massachusetts PIP benefits would have covered, and given that the objective of the PIP scheme is to avoid duplicative recovery; however, this court amended the judgment to include the corresponding exposure of the plaintiff to the potential claim for reimbursement by the issuer of the New York policy. [606-608]

CIVIL ACTION commenced in the Superior Court Department on February 8, 2010.

The case was heard by *C. Jeffrey Kinder,* J., on motions for summary judgment.

*Robert A. DiTusa* for the defendant.

*John F. Hurley, Jr.,* for the plaintiff.

KANTROWITZ, J. In this appeal, concerning personal injury protection (PIP) benefits, we are faced with the issue whether motorists insured by out-of-State policies are entitled to rights that are superior to those of motorists insured by policies issued in the Commonwealth. We hold that they are not.

[1] Maria Alvarado.

*Background.* On January 17, 2009, David Allen, whose automobile was insured by the plaintiff Commerce Insurance Company, Inc. (Commerce), was involved in a collision in Holyoke with an automobile driven by Julio Alvarado (Julio) and in which Maria Alvarado (Maria) was a passenger. Maria owned the automobile, which was registered in New York and insured under a New York policy through Peerless Insurance Co. (Peerless).[2]

The Alvarados suffered injuries and received PIP no-fault benefits from Peerless, which provided coverage of up to $50,000 per person for medical bills and lost wages for occupants of vehicles insured in New York.[3]

In settlement discussions, a dispute arose between the parties as to whether Commerce was entitled to an offset, pursuant to G. L. c. 90, § 34M, for the PIP no-fault benefits that the Alvarados received under the New York policy. Commerce filed an action in Superior Court against the Alvarados seeking a declaratory judgment to ascertain the answer. Both Commerce and the Alvarados filed motions for summary judgment. Commerce prevailed, with the motion judge concluding:

> "The Alvarados received no-fault benefits under the New York [automobile] policy that compensated them for the same type of expenses that Massachusetts PIP benefits would have covered. It would therefore run contrary to the legislative purpose of § 34M to conclude that Allen's exemption from tort liability is unavailable merely because Maria Alvarado's policy was issued in New York" (footnote omitted).

On appeal, the Alvarados argue that the judge erred because the tort liability exemption set forth in § 34M only creates an offset for benefits received from a Massachusetts insurance policy and the Alvarados received benefits from a New York insurance policy.[4] Commerce responds that its insured, Allen, is entitled to the § 34M exemption from tort recovery for the

---

[2]At the time of the accident the Alvarados were residents of Holyoke.

[3]Peerless paid $21,895.24 for Maria's medical bills and $8,550 for Julio's medical bills.

[4]The Alvarados acknowledge that under their insurance policy with Peer-

amount paid to the Alvarados under the New York no-fault provisions of the Peerless policy. Commerce asserts that the purpose of § 34M is to avoid duplicate recoveries of insurance benefits. As such, Commerce argues that it is entitled to reduce any settlement amount or judgment for the Alvarados by the amount of the no-fault payments made under the New York policy.

*Discussion.* General Laws c. 90, § 34M, establishing PIP benefits, controls. The statute requires that every motor vehicle liability policy executed in Massachusetts provide PIP benefits. The second paragraph of the statute, establishing a tort liability exemption, states in pertinent part that "[e]very owner . . . of a motor vehicle to which [PIP] benefits apply who would otherwise be liable in tort . . . is . . . exempt from tort liability for damages . . . to the extent that the injured party is . . . entitled to recover under those provisions of a motor vehicle liability policy . . . that provide [PIP] benefits." G. L. c. 90, § 34M, second par., inserted by St. 1970, c. 670, § 4.

The objective of the PIP scheme is to avoid duplicative recovery. *Amica Mut. Ins. Co.* v. *Bagley*, 28 Mass. App. Ct. 85, 89 (1989). The avoidance of duplicate recoveries is an objective to "be furthered by a court unless somehow forbidden." *Mailhot* v. *Travelers Ins. Co.*, 375 Mass. 342, 347 (1978).[5]

In *Amica Mut. Ins. Co.* v. *Bagley, supra* at 88-91, we held

---

less, as well as New York law, Peerless is entitled to any duplicative recovery. The record fails to disclose why Peerless is not a party. Since Peerless has both statutory and contractual rights to reimbursement, it is both interested and indispensable. See G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding"). See also Mass.R.Civ.P. 19, 365 Mass. 765 (1974), & Mass.R.Civ.P. 21, 365 Mass. 767 (1974). While not raised, the case was subject to dismissal for this failure. See Mass.R.Civ.P. 12(b)(7), 365 Mass. 755 (1974).

[5]When an out-of-State insured lacks no-fault insurance and PIP benefits comparable to those of Massachusetts, the tort liability exemption of § 34M will not be triggered. *Vieira* v. *Schupp*, 383 Mass. 739, 741-742 (1981). In the *Vieira* case, the Supreme Judicial Court held that the tort liability exemption did not apply in a suit by a Massachusetts plaintiff against Rhode Island defendants, even though the plaintiff received PIP benefits under her Massachusetts automobile policy, because Rhode Island had no PIP benefits. *Ibid.* Here, the Alvarados held an automobile insurance policy that contained PIP benefits.

that a claimant's recovery of PIP benefits under a New York automobile insurance policy reduced the benefits payable to him under the underinsured provisions of the Massachusetts automobile insurance policy. The court reasoned that the statutory scheme attempted to avoid duplicate recoveries of insurance benefits for the same element of loss and, as such, the New York and the Massachusetts benefits shared the same purpose. *Id.* at 89, 90.

Here, the record reveals that the Alvarados received no-fault benefits under their New York policy that compensated them for the same type of expenses that Massachusetts PIP benefits would have covered.[6] Accordingly, in staying within the legislative purpose of avoiding duplicative recovery, the judgment was correct in stating that § 34M applies and that Commerce is entitled to an offset for the no-fault benefits the Alvarados received under the New York policy.[7]

*Conclusion.* It is apparent that one purpose of no-fault insurance in Massachusetts is the avoidance of duplicative recover-

---

[6]The Alvarados assert, as a countervailing policy consideration, that Commerce would receive an unfair windfall if the § 34M tort exemption were held to apply to this case. We disagree. The Supreme Judicial Court has noted that "a plaintiff loses nothing . . . by no-fault insurance '[b]ecause the exemption of the tortfeasor is exactly matched to the availability of personal injury protection benefits to the plaintiff.' " *Vieira* v. *Schupp, supra* (citation omitted). See note 7, *infra.*

[7]In order that the tort liability exemption scheme operate fully as intended, and to prevent a tortfeasor's insurer, such as Commerce here, from obtaining a windfall, Commerce is also subject to the fifth paragraph of § 34M:

> "Any insurer paying benefits in accordance with the provisions of this section shall be subrogated to that exact extent to the rights of any party it pays and may bring an action in tort against any person liable for such damages in tort who is not exempt from said liability as a result of the provisions of this section; provided, however, that no insurer shall reduce or limit the amount of liability insurance otherwise available to an injured person as a result of such subrogation. Said insurer is also hereby given the right to make claim for all expenses it incurs on account of such payments, including the net amount of benefits paid, costs of processing claims for any such benefits, and the expenses of enforcing this right, against any other insurer providing a motor vehicle liability policy or bond on a motor vehicle registered in this commonwealth, whose owner or operator would, except for the exemption from tort liability provided in this section, be liable for such damages in tort. Determination as to whether any insurer is legally entitled to recover any such expense from another insurer shall be made by

ies, and that that objective is to "be furthered by a court unless somehow forbidden." *Mailhot* v. *Travelers Ins. Co.*, *supra*. Our decision is in conformity therewith.

As the judgment only declared the rights of Commerce and its insured (Allen) to the tort liability exemption under § 34M, the judgment must be amended so that it includes the corresponding exposure of Commerce to the potential claim for reimbursement by Peerless pursuant to § 34M, fifth par. See note 7, *supra*. Accordingly, the judgment shall be amended to add the following: "As provided for in paragraph 5 of § 34M, the plaintiff shall be liable to the insurer of the New York policy for reimbursement of all PIP expenses incurred as a result of paying the no-fault benefits to the defendants." As so amended, the judgment is affirmed.

*So ordered.*

---

agreement between the involved insurers, or, if they fail to agree, by arbitration in accordance with the provisions of the General Laws."

G. L. c. 90, § 34M, fifth par., as amended by St. 1980, c. 260.

Under this paragraph, Peerless would be subrogated to the rights of the Alvarados, its insureds, to the extent of the PIP no-fault payments Peerless made to them. (The record also supports Peerless's subrogation rights by contract.) In addition, this paragraph also can be read to require Commerce to be subject to the rights of Peerless, as the PIP carrier having made payment, to be reimbursed based on the liability of the tortfeasor (Allen) insured by Commerce. As further provided by this paragraph, the determination of such reimbursement is to be reached by agreement between the insurers, Commerce and Peerless, or else by arbitration.