The plaintiff medical services provider filed suit to recover unpaid personal injury protection (PIP) benefits on behalf of its patient, Margarita Rodriguez, who was injured in an automobile accident. Defendant Commerce Insurance Company (Commerce), Rodriguez's insurer, denied coverage, invoking a policy exclusion that denies PIP benefits where the insured "contributed to his or her injury by operating an auto ... while under the influence of alcohol" (alcohol exclusion). A Boston Municipal Court judge granted summary judgment to Commerce, and a divided panel of the Appellate Division affirmed. Because the summary judgment record reveals genuine issues of material fact, we reverse that portion of the decision and order of the Appellate Division dismissing the plaintiff's claim for breach of contract.
Background.[3] On August 23, 2014, Rodriguez was injured in a serious two-car crash at an intersection in the Dorchester section of Boston. Rodriguez was extracted from her vehicle and taken to the hospital, where she was treated for her injuries. According to hospital records, which were certified pursuant to G. L. c. 233, § 79, upon arrival at the hospital Rodriguez had an odor of alcohol and she was ultimately diagnosed, inter alia, with ETOH (ethyl alcohol) intoxication. Her blood ethanol level was 141 mg/dl.
The police report regarding the crash, however, does not mention anything regarding alcohol. The police report also does not contain a description of how the accident happened, or where the two vehicles were traveling prior to striking each other. The only information in the police report as to the collision was a statement, attributed to one of the occupants of the car that collided with Rodriguez, that Rodriguez's car "came out of nowhere."
The plaintiff provided medical services to Rodriguez and then sought reimbursement from Commerce. Commerce paid the plaintiff's first bill, in the amount of $1,079.14. Commerce refused to provide PIP benefits for the remaining amounts, however, on the basis of the alcohol exclusion.
After the plaintiff filed suit,[4] Commerce moved for summary judgment, relying primarily on an affidavit from one of its own employees, as well as the hospital records. The plaintiff's opposition to summary judgment did not rely on any counter affidavits. Instead, the plaintiff contended that the summary judgment record revealed genuine issues of material fact, including (1) whether Rodriguez was "under the influence of alcohol" at the time of the accident, and (2) whether Rodriguez had "contributed to [her] injury."
The Boston Municipal Court judge allowed the summary judgment motion, and a divided panel of the Appellate Division affirmed, reasoning that the hospital records "support[ ] the finding" that Rodriguez was operating under the influence, and further concluding that Rodriguez contributed to her injury because "[t]he accident occurred when Ms. Rodriguez took a left hand turn across the path of another vehicle."[5] The dissenting judge concluded, to the contrary, that the summary judgment record revealed genuine issues of material fact both as to whether Rodriguez contributed to her injuries, and whether she was under the influence of alcohol at the time of the accident. The plaintiff appeals.
Discussion. PIP benefits are a standard coverage required for automobile insurance policies in Massachusetts. See G. L. c. 90, § 34M ; Commerce Ins. Co. v. Alvarado, 83 Mass. App. Ct. 604, 606 (2013). They cover "all reasonable expenses incurred within two years from the date of accident for necessary medical, surgical, x-ray, and dental services," and are to be paid expeditiously, without reference to fault, so that insureds will have necessary funds available to cover the immediate expenses of injury from an accident. G. L. c. 90, § 34A. Accord Fascione v. CNA Ins. Cos., 435 Mass. 88, 94 (2001) ; Ortiz v. Examworks, Inc., 470 Mass. 784, 787-788 (2015). Rodriguez's policy provided for up to $8,000 per person in PIP benefits.
By statute, however, insurers may exclude an insured from PIP benefits if such person's "conduct contributed to his [or her] injury in any of the following ways while operating a motor vehicle in the [C]ommonwealth: (1) while under the influence of alcohol...." G. L. c. 90, § 34A. By its plain terms, the alcohol exclusion requires that the insurer make two distinct showings: (1) that the insured was "operating a motor vehicle ... while under the influence of alcohol," and (2) that the insured's "conduct contributed to [her] injury." Ibid. See Sullivan v. Brookline, 435 Mass. 353, 360 (2001) (statutory language should be given effect consistent with its plain meaning). Because Commerce is relying on a policy exclusion, it has the burden of proof. Norfolk & Dedham Mut. Fire Ins. Co. v. Cleary Consultants, Inc., 81 Mass. App. Ct. 40, 52 (2011).
To prevail on a motion for summary judgment, the moving party must "show," by reference to pleadings, discovery materials, or affidavits, "that there is no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). Where affidavits are submitted, they must be "made on personal knowledge," and "set forth such facts as would be admissible in evidence." Mass.R.Civ.P. 56(e), 365 Mass. 824 (1974). Since Commerce had the burden of proof here, it was required to show that there were no genuine factual issues as to each element needed to establish that the alcohol exclusion applied. See Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006).
We review an order granting summary judgment de novo. We consider the evidence submitted in the light most favorable to the party opposing summary judgment, to determine whether the moving party is entitled to judgment as a matter of law. Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012).
Here, Commerce has the burden to show that Rodriguez's conduct "contributed to ... her injur[ies]," and its summary judgment materials failed to establish that there was no genuine issue of fact as to that element. There was, in fact, no evidence in the summary judgment record as to how the car crash occurred, nor any evidence of how Rodriguez contributed to it. The police report did not describe where the cars were coming from or going to, or how they came to collide. There was no affidavit or deposition testimony from any participant or witness to the crash. According to Commerce, Rodriguez stated that she had "little memory" of the collision, only that she was "about to" make a left-hand turn when the crash occurred. That statement is not probative of fault; neither is the statement in the police report that Rodriguez's car "came out of nowhere."
Even if we were to assume that the record sufficiently established that Rodriguez was under the influence of alcohol at the time, that would not establish as a matter of law that she contributed to her injuries. As noted above, the "under the influence" and "contributed to" elements are distinct in the policy. Moreover, standing alone, being under the influence at the moment an accident occurs is not necessarily dispositive of fault; suppose, for example, that Rodriguez had been rear-ended while waiting to make a turn. The problem here is that the summary judgment record is bare as to how the crash occurred, and we are not at liberty to substitute what we might think was likely.
We have also considered whether the record established no genuine issue as to whether Rodriguez was under the influence of alcohol at the time of the crash. While a closer question, we cannot so conclude. The hospital records do reflect a blood ethanol serum level of 141 mg/dl, and a diagnosis of "ETOH intoxication." The blood serum level apparently would translate to a blood alcohol level of 0.12, well above the 0.08 blood alcohol level that defines driving under the influence in G. L. c. 90, § 24(1)(a ).[6] Faced with this admissible evidence in the summary judgment record, as to the "under the influence" element the plaintiff could not rest on its pleadings, but instead needed to respond with "specific facts" showing a genuine triable issue as to whether Rodriguez was under the influence during the crash. Mass.R.Civ.P. 56(e). Here, however, the plaintiff satisfied its obligation by pointing to the police report, which did not mention anything concerning alcohol even though it was prepared by a police officer who interacted with Rodriguez immediately after the crash. At least in the absence of additional evidence on this issue from the police officer or others, we cannot conclude that there is no genuine issue of material fact and that the "under the influence" element has been established as a matter of law.
In addition to its contract claim pursuant to G. L. c. 90, § 34M, the plaintiff also asserted a claim under G. L. c. 93A, §§ 9 and 11, alleging that Commerce engaged in unfair and deceptive trade practices and unfair claim settlement practices in denying the plaintiff's claim. As to the G. L. c. 93A claim, we affirm the grant of summary judgment. The plaintiff had the burden of proof on this claim, and submitted nothing in its opposition to the summary judgment motion that would raise a triable issue of fact concerning an unfair or deceptive trade or insurance practice. See Caira v. Zurich Am. Ins. Co., 91 Mass. App. Ct. 374, 381-382 (2017), citing Guity v. Commerce Ins. Co., 36 Mass. App. Ct. 339, 343-344 (1994) (where insurance company adopts "reasoned legal position" based on existing law and circumstances, no unfair settlement claim lies under G. L. c. 93A and G. L. c. 176D).
The portion of the decision and order of the Appellate Division dismissing the plaintiff's contract claim is reversed. In all other respects, the decision and order is affirmed.[7]
So ordered.
Reversed in part; affirmed in part.

The relevant facts are taken from the summary judgment record, and are viewed in the light most favorable to the plaintiff as the nonmoving party. See Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).

The plaintiff brought claims for breach of contract, pursuant to G. L. c. 90, § 34M, and of unfair trade practices, pursuant to G. L. c. 93A, §§ 9 and 11. The c. 93A claim included unfair claim settlement practices pursuant to G. L. c. 176D, § 3.

The statement in the Appellate Division's decision, to the effect that Rodriguez made a left turn across traffic, is not supported by admissible evidence in the summary judgment record. While the affidavit from an employee of Commerce purports to determine that Rodriguez was at fault because she took a "left-hand turn across the path of the adverse motor vehicle," there was no evidence presented supporting that statement. The Commerce employee affiant, of course, was not a percipient witness.

The plaintiff objects to translating the blood serum alcohol level to a blood alcohol level, contending that there was no evidence in the summary judgment record regarding such a translation, and that expert testimony would be required. See Commonwealth v. Dube, 413 Mass. 570, 571 n.2 (1992). See generally Commonwealth v. Sargent, 24 Mass. App. Ct. 657, 658-659 (1987) (noting difference between serum alcohol reading and blood alcohol reading). Given our resolution here, this issue-and whether there is "genuine" dispute as to it-can be addressed on remand.

Commerce's request for costs pursuant to Mass.R.A.P. 26, as amended, 378 Mass. 925 (1979), is denied. The plaintiff has requested attorney's fees and costs pursuant to G. L. c. 90, § 34M. Any decision as to awardable fees and costs must await further proceedings in the trial court.